Battle, J.
 

 The facts of the case, as they appear in the plaintiff’s bill of exceptions, did not justify the instruction which his counsel called upon the Court to give. There was very slight, if any, evidence that the mare came to her death by slipping, supposing that the lot where the transaction took place “ was a. little sidling and very slippery,” and that “ there were signs of the slipping of horses’ feet in the yard.” The manner in which she is stated to have sunk down and fell dead, almost precludes the idea that her death was caused by slipping, and yet the instruction prayed, impliedly assumed that the fact was so. If the instructions prayed had been that, if the jury found that the lot was sidling and very slippery, and that in consequence thereof the mare slipped and fell, it-was, in law, negligence, then the question of law would have been fairly raised; but that is not so where a material fact is to be assumed as true by the court which ought to be submitted to the jury. The counsel for the plaintiff cited and relied on
 
 Herring
 
 v.
 
 Wilmington and Raleigh Railroad Co.,
 
 10 Ire. Rep. 402, and
 
 Ellis
 
 v.
 
 Portsmouth and Roanoke R. Road Company,
 
 2 Ire. Rep. 138, to show “that when the plaintiff shows damage resulting from the act of the defendant, which act, with the exercise of proper care, does not ordinarily produce damage, he makes out a
 
 prima faeie
 
 case of negligence which cannot l repelled but by proof of care, or some extraordinary acc ent which makes care useless.” The case of
 
 Scott
 
 v.
 
 Wilmington and Weldon Railroad Company,
 
 4 Jones’ Rep. 432, explain this proposition and shows that it applies only to those case; where the things damaged remain stationary and always in t e same condition, and that it has
 
 *181
 
 no appplication to those cases where the things inj urecl, and the circumstances connected with them, are constantly varying. Ileuce, the Court say that there is a manifest distinction between burning a barn, or a fence, and running over and killing a slave or a cow, in the consideration of what shall be deemed negligence in those who have the management of the rail-road cars. In the former case, the barn or the fence remains
 
 stationary,
 
 while in the latter, the slave or the cow may be constantly changing his or her position. So that as things do not remain in the same condition, the question as to how the injury was done, is open for enquiry; and as the plaintiff alleges negligence, it is for him to make the proof.
 

 In the present case, it ought to have been shown by the plaintiff how the animals were placed, and whether, from her position, the mare was likely to slip and did slip down, and thereby lost her life. From the facts as set forth in the bill of exceptions, we cannot see that the defendant was guilty of negligence, and as the verdict of the jury upon that question is apparently right, we need not examine the propriety of the Judge’s charge. It is now well settled that a right verdict upon the subject of negligence, will cure a wrong charge, even supposing that his Honor’s charge was wrong. Upon which, however, we do not express an opinion. See
 
 Smith
 
 v.
 
 Shepard,
 
 1 Dev. Rep. 461;
 
 Hathaway
 
 v. Hinton, 1 Jones’ Rep. 247.
 

 Per Curiam, Judgment affirmed.