W. A. SAWYER v. J. E. WILKINSON.

(Filed 16 September, 1914.)

**Bailments—Contracts—Hire of Mule—Negligence—Trials.**

An agreement of hire of a mule for plowing purposes for a period of two weeks, at the end of which time the mule should be returned in as good condition as received, is an ordinary bailment determined by the common law relating to bailments for hire; and the bailee, being held to exercise only ordinary care for its preservation and protection, is not responsible for the destruction of the mule and his consequent failure to return it, in the absence of any negligence on his part. *Robertson v. Lumber Co.,* 165 N. C., 4, cited and distinguished.

166—32

SAWYER *v.* WILKINSON.

APPEAL by plaintiff from *Ferguson, J.,* at Spring Term, 1914, of HYDE.

This is a civil action tried upon these issues:

1. Did the defendant contract with the plaintiff that he would return and deliver to plaintiff at the end of two weeks the mule and harness in as good condition as he received them, as alleged? Answer: Yes.

2. Did the defendant comply with said contract? Answer: No.

3. What was the value of said mule and harness? Answer: Mule $100 and harness $5.

4. Was said mule and harness destroyed by the negligence of the defendant? Answer: No.

The plaintiff tendered judgment for $105, which his Honor refused and rendered judgment against the defendant for the sum of $5 and costs. The plaintiff excepted and appealed.

*S. S. Mann and Ward & Thompson for plaintiff.*

*Spencer & Spencer, John Tooley, Ward & Grimes for defendant.*

BROWN, J. The plaintiff hired a mule to the defendant for plowing purposes for a period of two weeks. The evidence tends to prove, and the jury have found, that the defendant contracted that he would return the mule at the end of two weeks in as good condition as he received it.

Before the expiration of two weeks the mule, together with some of the defendant's stock, was burned to death by a fire which burned the defendant's stables. It is admitted that the fire was not caused by any negligence of the defendant. In refusing to give judgment for the value of the mule, we think his Honor was correct. His Honor gave judgment for the value of the harness because there is no evidence that the harness was destroyed. The transaction between the plaintiff and the defendant constituted an ordinary bailment, and the contract contained no provisions or conditions which have been violated touching the stabling or the management of the mule. Nor does the contract contain any condition to pay for the mule in case it is not returned.

As we view the contract, it is an ordinary bailment, determined by the doctrines of the common law relating to bailments for hire. It is not a contract of insurance, and the defendant is only liable in case he fails to exercise reasonable care in the preservation and protection of the property bailed. There is a class of cases which fastens liability upon the bailee upon failure to return the property or its value in money. In these cases the bailee is regarded as an insurer. *Grady v. Schweinler,* 15 A. and E. Anno. Cases, 161; *Drake v. White,* 117 Mass., 10.

The contract of hiring in this case imposes no more upon the bailee by its terms than the law raises by implication, namely, to return the mule, and its return is excused by intervening impossibility to perform, which operates as a release upon the obligation of the contract in the absence of neglect on the part of the bailee.

An interesting case on all-fours with this is *Seevers v. Gabel,* Iowa Supreme Court, 27 L. R. A., page 733, in which it is held that a hirer of personal property under an agreement to return it at the expiration of the lease in as good condition as when taken, the usual wear excepted, is not liable for its loss by fire without his fault.

The duty assumed by the defendant in this case was to exercise ordinary care for the preservation and protection of the mule, and he is chargeable only with the liability to the plaintiff for loss occasioned by his failure to discharge such duty. *Mallory v. Willis,* 4 N. Y., 76; *Foster v. Pettibone,* 7 N. Y., 433; *Stuart v. Stone,* 14 L. R. A., 215.

In *Seevers v. Gabel, supra,* the subject of the bailment was one "saw rig complete." The contract was to pay a stipulated rent per month and to return the property "in as good condition as it now is."

In *McEvers v. Steamboat "Sangamon,"* 22 Mo., 188, a barge was hired by the defendant under an agreement that it was "to be delivered in good order, usual wear and tear excepted." The barge was destroyed by ice without negligence upon the part of the steamboat company. The Missouri Court held that the steamboat company was not liable on the contract for the non-

delivery of the barge in the absence of a finding of negligence.

In *Young v. Bruces,* 5 Litt. (Ky.), 324, the subject of bailment was a slave, hired until 25 December, 1819, to be returned well clothed and in good condition. The slave was drowned by accident without fault of the defendants, whereby they were prevented from returning him. The Court held that the defendants were not responsible for the death of the slave without fault of the defendants.

In *Harris v. Nicholson,* 5 Munf., 483, the contract of bailment was construed and the Court held that the defendants were not liable for the destruction of the property, unless brought about by their own negligence. See also *Maggort v. Hansbargar,* 8 Leigh, 532; *Warner v. Hitchings,* 5 Barber, 666; *Wainscott v. Silvers,* 13 Ind., 497; *David v. Ryan,* 49 Iowa, 642; *Van Wormer v. Crane,* 51 Mich., 363; 5 Cyc., 204; 3 Dec. Dig., Bailments, sec. 14, subsec. 1; *Miller v. Morris,* 40 Am. Rep., 804; *Pratt v. Waddington,* 21 A. and E. Anno. Cases, bottom page 843; *Fortune v. Harris,* 51 N. C., 532; *Chaffin v. Lawrence,* 50 N. C., 179; *Henderson v. Bessent,* 68 N. C., 224; *Heathcock v. Pennington,* 33 N. C., 640.

The plaintiff insists that this case is controlled by our decision in *Robertson v. Lumber Co.,* 165 N. C., 4. There is quite a distinction between the two cases. It is true, the Court said that "under the contract, as testified to by Hopkins, it is only necessary to prove a breach of the contract, namely, that the boat was not kept in good repair nor returned in good condition, and there is abundant evidence of that."

In that case it was found by the jury that the plaintiff's boat was injured by the negligence of the defendant and that the plaintiff was damaged to the extent of $250. The boat was not destroyed by an inevitable accident, which ordinary care upon the part of the bailee could have prevented. The boat was returned to the bailee, but in a damaged condition, and that damage brought about by the negligence of the defendant. There is a marked difference between the facts in that case and the one we are now considering.

The judgment of the Superior Court is

Affirmed.