C. W. FALLS v. ARTHUR GOFORTH.

(Filed 22 November, 1939.)

1. Bailment § 1—

   Where the owner of a mule loans the animal to another for the convenience of such other person in harvesting his crop, the relation of bailor and bailee exists between the parties.

**2. Bailment § 6—**

The burden is upon the bailor to prove negligence on the part of the bailee as a basis of the recovery of damages for the failure of the bailee to make safe return of the property bailed, but such negligence is established *prima facie* by a showing that the bailee received the property in good condition and failed to return it, or returned it in a damaged condition.

**3. Same—Evidence that property, at the time it was loaned to bailee, was in good condition and that bailee failed to return same held sufficient to overrule nonsuit.**

Evidence that at the time plaintiff loaned his mule to defendant, the mule was in good condition, that defendant hitched plaintiff's mule, which was a willing worker, to a mowing machine with defendant's mule, which was a slow worker and failed to pull his share of the load, that defendant worked the mules without rest on a very hot day until plaintiff's mule fell in harness and died of heat exhaustion, *is held* sufficient to be submitted to the jury in plaintiff's action to recover the value of the mule, and the granting of defendant's motion for judgment of nonsuit was error.

APPEAL by plaintiff from *Ervin, Special Judge,* at May Term, 1939, of GASTON.

Civil action to recover the value of a mule loaned the defendant by plaintiff.

On 22 June, 1938, the plaintiff loaned the defendant a mule to mow a field of oats. The defendant hitched the plaintiff's mule and one of his own to a mowing machine and started mowing about 2 :00 p.m. The field was 726 steps in circumference. The defendant went round and round, in a circle, and did not have to stop to turn around. In about an hour, the plaintiff's mule fell in harness and died of heat and exhaustion.

Sam Childres, witness for the plaintiff, testifies that he saw the defendant working the mules "mighty fast to be as hot as it was. . . . It was awful hot. . . . He slapped at the mule (with a little whip) one time and the mule was pulling most of the machine. . . . He did not stop at all while I was in sight of them for some 4 or 5 minutes."

There is further evidence that the defendant's mule was "pretty slow" and would not keep up with plaintiff's mule, which was "a smart mule, free to go, . . . could not take a whipping and didn't need it." Also that plaintiff's mule was in good condition when loaned to the defendant.

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.

*A. C. Jones and John A. Wilkins for plaintiff, appellant.*
*Ernest R. Warren for defendant, appellee.*

STACY, C. J. The appeal presents the question whether the facts bring the instant case within the principle announced in *Beck v. Wilkins,* 179 N. C., 231, 102 S. E., 312, or the rule applied in *Morgan v. Bank,* 190 N. C., 209, 129 S. E., 585. We think the case is controlled by the decisions in *Beck v. Wilkins, supra; Hutchins v. Taylor-Buick Co.,* 198 N. C., 777, 153 S. E., 397; and *Hanes v. Shapiro,* 168 N. C., 24, 84 S. E., 33.

The relation of plaintiff and defendant was that of bailor and bailee. Ordinarily, the liability of a bailee for the safe return of the thing bailed is made to depend upon the presence or absence of negligence. In proving this, the bailor has the laboring oar, but it has been held in a number of cases that a *prima facie* showing of negligence is made out when it is established that the bailee received the property in good condition and failed to return it, or returned it in a damaged condition. *Trustees v. Banking Co.,* 182 N. C., 298, 109 S. E., 6.

The case is not like *Fortune v. Harris,* 51 N. C., 532, where the plaintiff's own evidence exculpated the defendant of any negligence, in that, the horse there loaned fell and injured itself on a stump in the common horse-lot surrounding the defendant's stables.

The case of *Sawyer v. Wilkinson,* 166 N. C., 497, 82 S. E., 840, is likewise distinguishable, for there admittedly the burning to death of the hired mules "was not caused by any negligence of the defendant."

The present case is more nearly parallel to *Rowland v. Jones,* 73 N. C., 52, where a hired horse on being driven a distance of 33 miles in 7½ hours on a very hot day in September was overcome by the heat and died, the ruling being that the case was properly submitted to the jury.

Viewing the evidence with the degree of liberality required on motion to nonsuit, the conclusion is reached that it should be submitted to the jury.

Reversed.