ERNEST H. VINCENT v. J. K. WOODY AND T. H. HERNDON.

(Filed 12 June, 1953.)

**1. Bailment § 7—**

Evidence tending to show that plaintiff delivered his car to defendant under an agreement that defendant was to have it repaired and sell it for plaintiff, that defendant refused to surrender the car voluntarily, and that when plaintiff obtained possession of the car by claim and delivery it was in a damaged condition, *is held* sufficient to make out a *prima facie* case and repel defendant's motion to dismiss as in case of nonsuit.

**2. Bailment § 4—**

It is the duty of bailee to exercise ordinary care to protect the property bailed against damage and to return the property in as good condition as when he received it.

**3. Same—**

A bailee is liable for damage to the property bailed proximately resulting from his negligence or the negligence of his agent while the property is in his possession.

**4. Bailment § 7—**

In bailor's action to recover for damage to the property while in possession of bailee, a single excerpt from the charge to the effect that the bailee was liable as an insurer for any damage to the property while in his possession or the possession of his agent, will not be held for prejudicial error when the charge construed contextually unambiguously limits the bailee's liability to damage proximately resulting in the failure of the bailee or his agent to exercise due care.

**5. Appeal and Error § 39f—**

The charge of the trial court will be read contextually, and an excerpt from the charge will not be held prejudicial, even though it be erroneous when considered out of context, if the charge when considered as a whole presents the law of the case to the jury in such manner as to leave no reasonable cause to believe that the jury was misled or misinformed.

**6. Trial § 19—**

The weight and credibility of the testimony is for the jury and not the court.

APPEAL by defendant Woody from *Morris, J.,* March Term, 1953, DURHAM. No error.

Civil action to recover possession of an automobile and compensation for damages thereto.

On 29 October, 1951, plaintiff, a resident of Person County, delivered his automobile and certificate of title to defendant Woody, a resident of Durham. He alleges and offered evidence tending to show that he did so under an agreement that Woody would find a purchaser and sell the vehicle for him.

Defendant admits that the automobile was delivered to him but alleges and offered evidence tending to show that it was delivered to him as security for money advanced to plaintiff and amounts expended and to be expended in repairing the vehicle and putting it in condition for sale. He admits he agreed to find a purchaser after the automobile was repaired. In addition, the defendant pleads a counterclaim in the sum of $284.57 and prays that said sum be adjudged a lien upon said automobile and that the automobile be sold to satisfy said lien.

While the vehicle was in the possession of Woody, it was delivered to defendant Herndon, a mechanic, so that he might make certain repairs and replacements. Plaintiff offered evidence tending to show that while the vehicle was in Herndon's possession, Herndon used it as his own and caused considerable damage thereto, and parts were removed therefrom, as detailed in his testimony.

On 11 March, 1952, plaintiff instituted this action and sued out an ancillary writ of claim and delivery under which the vehicle was seized and delivered to plaintiff.

In the trial below, at the conclusion of the testimony, the court entered judgment of nonsuit as to the defendant Herndon, and the jury for its verdict found that (1) said automobile was wrongfully detained by defendant Woody, (2) plaintiff is not indebted to Woody in any amount, (3) plaintiff is entitled to recover $150 for the wrongful detention of the automobile, and (4) plaintiff is entitled to recover of Woody compensation for damages to said automobile in the sum of $495 while it was in the possession of defendants.

The court set aside the verdict on the third issue and entered judgment on the verdict as thus amended. Defendant Woody excepted and appealed.

*C. Horton Poe, Jr., for plaintiff appellee.*
*Edwards & Sanders for defendant appellant.*

BARNHILL, J. The appellant's exception to the denial of his motion to dismiss the action as in case of involuntary nonsuit is untenable. He admits in his answer that plaintiff holds the legal title to the vehicle in controversy and that he received possession thereof from plaintiff, which possession he has not voluntarily surrendered. Even now he claims the right of possession under an agreement that he should retain the same as security for the debt alleged to be due him by plaintiff. And plaintiff offered evidence tending to show that while the vehicle was in Woody's possession or in the possession of Herndon as his agent, parts were removed therefrom and it was otherwise materially damaged. This evidence suffices to make out a case for the jury.

On this record the defendant was a bailee. As such, it was his duty to exercise ordinary care to protect the property bailed against damage and to return it in as good condition as it was when he received it. Hence he is liable for any damages to the vehicle in question while in his possession which was proximately caused by his negligence or the negligence of his agent. *Falls v. Goforth,* 216 N.C. 501, 5 S.E. 2d 554; *Trustees v. Banking Co.,* 182 N.C. 298, 109 S.E. 6; *Insurance Asso. v. Parker,* 234 N.C. 20, 65 S.E. 2d 341.

While the burden rested upon plaintiff to establish his cause of action, it is an established rule in this jurisdiction that evidence tending to show that the bailee failed to return the chattel held in bailment free from damage is *prima facie* evidence that the loss or damage was due to the negligence of the bailee and is sufficient to repel a motion to dismiss as in case of nonsuit. *Perry v. R. R.,* 171 N.C. 158, 88 S.E. 156; *Trustees v. Banking Co., supra; Beck v. Wilkins,* 179 N.C. 231, 102 S.E. 313; *Falls v. Goforth, supra; Wellington-Sears Co. v. Finishing Works,* 231 N.C. 96, 56 S.E. 2d 24.

The plaintiff contended that the vehicle was delivered to Herndon without his knowledge or consent. Woody contended it was delivered by him and plaintiff jointly and plaintiff gave instructions as to the repairs and replacements to be made by the mechanic. The excerpt from the charge of the court directed to the evidence on this phase of the case, to which defendant excepts, lifted out of context, would seem to make defendant an insurer of the safe return of the property bailed in an undamaged condition. In the event "the automobile was placed in possession of Herndon without the knowledge, consent, or permission of the plaintiff; and as a result of the automobile having been placed in his possession, Herndon's, without the knowledge, consent, or permission of the plaintiff, and it was then damaged by Herndon; then Woody would be liable for the damage done to said automobile while in the possession of Herndon . . ."

But it is axiomatic that the charge must be read and construed contextually. Immediately preceding the instruction to which exception is entered the court had correctly instructed the jury as to defendants' liability. Immediately following, the court emphasized the fact that defendants' liability in any event depended upon the presence or absence of negligence. It then applied the law specifically to the case on trial in the following language:

"So that in this case, if you find that the relationship of bailor and bailee existed between the plaintiff and defendant, the defendant had imposed upon him the responsibility of exercising due care to return the property in the same condition as it was when delivered to him, or to keep the same in good order and condition until bail was made. And if by his

failure to exercise due care, the property was damaged in any amount, the plaintiff would have carried the burden of the fourth issue, entitling him to nominal damages at least. And this fact is so prominent (*sic*), that if the defendant placed the car in the hands of some other person; that is to say, if Woody placed the car in the hands of Herndon, and Herndon failed to use due care and subjected it to abuse; then Woody is answerable to any conduct on the part of Herndon that caused a decrease in value of the automobile; and he, Woody, delivering the car to Herndon, would and did make Herndon his agent."

Ordinarily the presiding judge must instruct the jury extemporaneously from such notes as he may have been able to prepare during the trial. To require him to state every clause and sentence so precisely that even when lifted out of context it expresses the law applicable to the facts in the cause on trial with such exactitude and nicety that it may be held, in and of itself, a correct application of the law of the case would exact of the *nisi prius* judges a task impossible of performance. The charge is sufficient if, when read contextually, it clearly appears that the law of the case was presented to the jury in such manner as to leave no reasonable cause to believe that it was misled or misinformed in respect thereto.

Such is the case here. The charge, when read as a composite whole, leaves us with the impression the jury must have understood that defendant was liable only for those damages to the automobile which proximately resulted from his negligence or the negligence of his agent.

In the final analysis, the case is one of fact. The evidence in many respects was in sharp conflict. The jury, having heard both sides, has decided the issues in favor of plaintiff. The testimony was such that it might well have answered them in favor of the defendant. The weight and credibility of the testimony was for it, and not for the court, to decide. Defendant must now abide the result.