JAMES HENRY JACKSON, AN INFANT BY AND THROUGH HIS NEXT FRIEND, HAROLD D. DOWNING, v. DAVID JONES, JR., AND ABERDEEN AND ROCKFISH RAILROAD COMPANY.

No. 6812SC376

(Filed 25 September 1968)

1. Negligence § 40— instruction on negligence — use of "prevision"
    Trial court did not err in charging the jury that "the law does not require prevision of a person," when it is obvious from a reading of the charge contextually that the court used "prevision" in the sense of "omniscience" rather than "foreseeability."

2. Appeal and Error § 50— charge must be read contextually
    It is axiomatic that the charge must be read and construed contextually.

3. Negligence § 40— instruction on proximate cause — foreseeability
    Trial court's instruction on proximate cause *is held* not to have required

a jury finding that the defendants must have foreseen the injury in the exact form in which it occurred.

**4. Railroads § 6—   crossing accidents — instruction on failure of automatic signal**

In an action to recover damages for personal injuries resulting from a grade crossing collision between the plaintiff and a railroad engine owned and operated by the corporate defendant, the trial court properly instructed the jury that proof of a failure of automatic signals to function at a given moment is not sufficient of itself to show negligence by a railroad, the plaintiff's evidence on this issue being to the effect that within a month or two prior to the date of the collision two witnesses had observed some irregularities in the operation of the electric signals at the crossing.

**5. Trial § 38—   requests for instructions**

If a litigant desires a fuller or more detailed charge by the court to the jury, it is incumbent upon him to request it by way of prayers for special instructions.

APPEAL from *Braswell, J.,* 6 May 1968, Civil Session, CUMBERLAND County Superior Court.

This is a civil action to recover damages for personal injuries resulting from a grade crossing collision between plaintiff, who was operating a 1964 Ford truck loaded with 6,000 pounds of brick, and a railroad engine owned by the corporate defendant and operated by its agent, the individual defendant. Plaintiff was proceeding in a southerly direction on North Carolina Highway 59 in Cumberland County. The railroad engine, which was attached to a freight train, was being operated in an easterly direction. There were signaling devices consisting of red lights, bells and a crossarm located at the crossing. The evidence was sharply conflicting as to whether the signaling devices were operating. There was a violent impact which practically demolished the truck, and the plaintiff was severely injured. The collision occurred about 11:00 a.m. on a clear, warm day.

Four issues were submitted to the jury, namely: negligence of the corporate defendant; negligence of the individual defendant; contributory negligence; and damages. The jury answered the first two issues in the negative, and from a judgment denying any recovery, the plaintiff appealed.

*Anderson, Nimocks & Broadfoot, and McCoy, Weaver, Wiggins, Cleveland & Raper by Richard M. Wiggins, Attorneys for plaintiff appellant.*

*Quillan, Russ, Worth & McLeod by Walker Y. Worth, Attorneys for defendant appellees.*

CAMPBELL, J.

The plaintiff assigns as error the charge of the trial court in four particulars.

[1]    One, the plaintiff asserts that the trial judge committed error by charging the jury that, "(t)he law does not require prevision of a person." The plaintiff states that "prevision is synonymous with foreseeability, which is an essential element of proximate cause." Another meaning of "prevision" is "prescience"; and when this portion of the charge is read in context, it is obvious that the court used "prevision" in the sense of "omniscience" which is not required of a person. *Clark v. Scheld,* 253 N.C. 732, 117 S.E. 2d 838. The trial judge instructed the jury:

> "Negligence is a failure to perform some duty imposed by law. It is also the failure to exercise due care and to do something which a reasonably prudent person would do or the doing of something which a reasonably prudent person would not do under circumstances similar to those shown by the evidence. This rule is constant, while the degree of care varies with the exigencies of the occasion. It is for you to determine how a reasonably cautious person would act under those circumstances. Negligence is not presumed from the mere fact of injury. The law does not require prevision of a person. It does require him to act as a reasonably careful and prudent person would act under those circumstances. To imply liability there must be proof of actionable negligence."

[2]    This is a succinct and correct definition of negligence. "But it is axiomatic that the charge must be read and construed contextually." *Vincent v. Woody,* 238 N.C. 118, 76 S.E. 2d 356. This assignment of error is overruled.

[3]    Two, the plaintiff asserts as error the following definition of "proximate cause" used by the trial court:

> "Now, when I use the expression, 'proximate cause,' I mean that cause which in natural and continuous sequence, unbroken by any new and independent cause produced the injury complained of and one from which a person of ordinary intelligence could have reasonably foreseen that such result or some similar result was likely to occur under the circumstances then existing, and that such act or omission actually did produce the injuries and damage complained of. It is sufficient if a reasonably cautious and prudent person could have foreseen that injury and damage might follow the breach of duty. Foreseeable injury is

a requisite of proximate cause and proximate cause is a requisite of actionable negligence and actionable negligence is a requisite for recovery for any injury or damage negligently inflicted."

The plaintiff takes the position that this instruction informed the jury that the "defendants must have foreseen the exact events as they occurred, i.e., that the negligent act complained of 'actually did' produce the injuries of the plaintiff."

We do not agree with this contention of the plaintiff. This instruction did not require "that the defendant must have foreseen the injury in the exact form in which it occurred." On the contrary, this statement is in keeping with the view expressed by Parker, C.J., in *Williams v. Boulerice,* 268 N.C. 62, 149 S.E. 2d 590, where he stated:

"The only negligence of legal importance is negligence which proximately causes or contributes to the death or injury under judicial investigation. . . . Proximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. . . . Foreseeability is an essential element of proximate cause. . . . This does not mean that the defendant must have foreseen the injury in the exact form in which it occurred, but that, in the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected."

Somewhat similar language was specifically approved by Barnhill, J., in *Ellis v. Refining Co.,* 214 N.C. 388, 199 S.E. 403, wherein he stated:

"It must not only appear that the negligent act produced the result in continuous sequence, but it must further appear that the negligent act was such that any man of ordinary prudence could have foreseen that such a result, or some similar injurious result, was probable under all the facts as they then existed."

This assignment of error is overruled.

[4]    Three and four.   For his third and fourth assignments of error, the plaintiff asserts that the trial court committed error in instructing the jury "that proof of a failure of automatic signals to function at a given moment is not sufficient of itself, to show negligence by a railroad," and that the court failed to explain the law arising upon the evidence as required by G.S. 1-180.

The plaintiff offered testimony of two witnesses to the effect that within a month or two prior to the date of the collision they had observed some irregularities in the operation of the electrical signals at this crossing. The plaintiff states that in view of this evidence the court should have explained to the jury that the railroad knew, or in the exercise of due care should have known, that the signaling device was defective.

In connection with the electrical signaling devices, the court instructed the jury as follows:

"When a railroad company has installed automatic electrical signalling devices for warning travellers approaching a railroad crossing, it is the company's duty after installation to exercise reasonable care in the operation of the devices, and in keeping it in good repair. The Court instructs you that proof of a failure of automatic signals to function at a given moment is not sufficient of itself, to show negligence by a railroad; however, the operation of a locomotive to and upon a blind crossing of a main highway with no notice whatever of its approach is a lack of due care for the safety of users of the highway. Where there has been a failure of automatic signal lights at a railroad crossing to work, this has the tendency to abate the ordinary caution of a traveller on the highway and he has the right to place some reliance on that failure. In the absence of other timely warning, it is an implied permission for the motorist to proceed, when he has taken reasonable precaution and made reasonable observations under the circumstances. If obstructions or the cut of the track made a blind crossing, they are factors in determining the duty which the defendant railroad owed the plaintiff. Obstructions, themselves, are not negligence, but if they exist and the railroad is aware of them it is then encumbent (sic) upon the railroad to take precautions to protect travellers who use the crossing and to warn them of the approach of the train. So, members of the jury, as you come finally to consider your answer to the first issue, the Court charges and instructs you that if the plaintiff, James Henry Jackson, has proven and fulfilled the responsibility cast upon him by the law to the extent that the evidence by its quality and convincing power has satisfied you by its greater weight that at the time and place complained of the defendant, Aberdeen and Rockfish Railroad Company was negligent, either in that there was no sounding of any bell, whistle or other signalling of the approach of the train to the crossing and a failure to give any notice of the approach of the train, or that the electrical signalling devices and system

maintained by the railroad at the crossing never became operative, because of the fact that it was defective, in a defective condition, and remained unrepaired and with knowledge of such condition, failed to give any timely and reasonable notice to the approaching plaintiff that the train was intending to cross the highway, or that the company operated its locomotive at a speed into a blind crossing faster than reasonable and prudent under the conditions then existing, among which was a crossing at which the automatic traffic control red lights and bells were not working or operating, I say, if plaintiff has proved any of those things and proved it by the greater weight of the evidence, and further proven by the greater weight of the evidence that the negligence of the defendant railroad in any one or more of those regards, not only existed, but that such negligence was one of the proximate causes of the injury and damages complained of, then it would be your duty to answer this first issue in the plaintiff's favor, that is 'yes.' "

As Lake, J., said in *Kinlaw v. R. R.*, 269 N.C. 110, 152 S.E. 2d 329:

"This Court has held that the proof of a failure of automatic signals to function at a given moment is not sufficient of itself to show negligence by a railroad."

[5]  "If the plaintiff desired a fuller or more detailed charge it was incumbent upon him to have requested it by way of prayers for special instructions." *Woods v. Roadway Express, Inc.*, 223 N.C. 269, 25 S.E. 2d 856. *Simmons v. Davenport*, 140 N.C. 407, 53 S.E. 225; G.S. 1-181.

We think the instructions in this regard given by the trial court complied with the statute, G.S. 1-180. As stated by Barnhill, J., (later C.J.) in *Vincent v. Woody, supra:*

"Ordinarily the presiding judge must instruct the jury extemporaneously from such notes as he may have been able to prepare during the trial. To require him to state every clause and sentence so precisely that even when lifted out of context it expressed the law applicable to the facts in the cause on trial with such exactitude and nicety that it may be held, in and of itself, a correct application of the law of the case would exact of the *nisi prius* judges a task impossible of performance. The charge is sufficient if, when read contextually, it clearly appears that the law of the case was presented to the jury in such manner as to leave no reasonable cause to believe that it was misled or misinformed in respect thereto."

These assignments of error are overruled.

Paraphrasing from *Vincent v. Woody, supra,* in the final analysis, the case is one of fact. The evidence in many respects was in sharp conflict. The jury, having heard both sides, has decided the issues in favor of the defendants. The testimony was such that the jury might well have answered the issues in favor of the plaintiff. The weight and credibility of the testimony was for the jury and not for the court to decide. The plaintiff must now abide the result.

No error.

MALLARD, C.J., and MORRIS, J., concur.