STATE OF NORTH CAROLINA v. JOHNNY REID

No. 7421SC502

(Filed 2 October, 1974)

1. Searches and Seizures § 4— search warrant for service station — search of vehicle proper

Where a warrant gave officers authority to search a service station and surrounding premises but it made no mention of defendant's vehicle, search of the vehicle which was parked on the service station lot was authorized and not unreasonable.

2. Searches and Seizures § 1— suspected contraband in plain view — warrantless search proper

Having observed vials of pills and capsules in plain view on the dashboard of the defendant's vehicle, which vials they reasonably sus-

State v. Reid

pected contained controlled substances, officers could reasonably conclude that the vehicle contained other contraband which justified a complete search of the vehicle.

3. **Intoxicating Liquor § 12— testimony as to firearm — no prejudice**

In a prosecution for the unlawful possession of taxpaid liquor for the purpose of sale, defendant failed to show that the admission of testimony pertaining to a Rossi firearm found within defendant's car substantially prejudiced him or that the verdict of the jury was influenced thereby.

4. **Criminal Law § 58— signature on insurance policy — evidence not prejudicial**

The trial court did not err in allowing testimony as to the signature on an assigned risk automobile insurance policy, though there was no evidence of the witness's familiarity with defendant's handwriting, since the State did not attempt to prove by the witness that the writing was defendant's signature.

5. **Criminal Law § 77— ownership of vehicle — admission by defendant**

Admission of defendant to an arresting officer that a car containing one gallon of taxpaid liquor for sale was his was sufficient to show ownership of the vehicle in defendant.

6. **Criminal Law § 112— instruction on reasonable doubt**

Trial court's use of the word "testimony" instead of the word "evidence" in defining a reasonable doubt did not prejudice defendant.

7. **Criminal Law § 114— opinion held by judge — no expression**

Trial court's instruction to the jury that he possessed an opinion about the case but it would be highly improper for him to try to convey it to them since they were the exclusive judges of the facts did not prejudice defendant.

8. **Intoxicating Liquor § 19— constructive possession of liquor — instructions on intent**

Trial court's instruction on intent as an element of constructive possession was proper.

9. **Criminal Law § 89— evidence of prior crimes — impeachment**

The jury was adequately informed that the State introduced evidence of prior crimes solely for the purpose of impeaching defendant's credibility.

APPEAL by defendant from *Armstrong, Judge,* 19 November 1973 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals 26 August 1974.

This criminal prosecution is based on a warrant which charges that defendant on or about 17 August 1973 unlawfully and willfully possessed more than one gallon of taxpaid liquor for the purpose of sale in violation of G.S. 18A-7.

State v. Reid

In the Superior Court after trial on his plea of not guilty, defendant was found guilty by the jury and judgment was entered on the verdict imposing a sentence of not less than 12 months and one day nor more than 24 months. Defendant appealed.

*Attorney General Carson, by Associate Attorney Wallace, for the State.*

*Harrell Powell, Jr., for defendant appellant.*

MORRIS, Judge.

[1]. Defendant first contends that the trial court erred in allowing the evidence, pills and pints of whiskey, that was seized from the search of a 1970 Pontiac, to be entered in that said search was illegal.

The automobile was parked in the lot of a service station of which defendant was night manager. The search warrant gave the officers authority to search the premises but did not specifically refer to the automobile.

Although we find no North Carolina appellate court decision which has addressed itself to the question of whether the search of a vehicle not mentioned in the warrant is permissible, various other states have held that where the warrant designates the building on the premises to be searched, a search of a motor vehicle parked near the building and on the same premises is not an unreasonable search. 79 C.J.S., Searches and Seizures, § 83, p. 903. In *Massey v. Commonwealth,* 305 S.W. 2d 755 (1957), a search of a vehicle parked at the rear door of the premises being searched was upheld. On the same day, the Court of Appeals of Kentucky held that if a search warrant validly describes the premises, a vehicle found thereon may be searched even though the warrant contains no description of the vehicle. *McCissell v. Commonwealth,* 305 S.W. 2d 756 (1957). In *Lawson v. State,* 176 Tenn. 457, 143 S.W. 2d 716 (1940), where the vehicle was owned by the person mentioned in the warrant and the vehicle was within the boundaries of the premises being searched, a search of the vehicle was upheld.

A number of cases have upheld the search of a vehicle on the premises where the search warrant authorized a search of a building and "outbuildings," or "the yard and outhouses," or the building "together with all outbuildings, places, and premises

used or connected therewith." *Bowdry v. State,* 82 Okl. Cr. 119, 166 P. 2d 1018 (1946); *Alexander v. State,* 108 So. 2d 308 (1959); *Lindley v. State,* 294 P. 2d 851 (1956). Similarly a search of a vehicle on the premises has been upheld where the search warrant directed officers to search "specific realty and curtilage and appurtenances." *Leslie v. State,* 294 P. 2d 854 (1956).

Although the search warrant in this case does not specifically refer to all outbuildings, appurtenances, etc., it does refer to the affidavit upon which the search warrant was issued and incorporates the description of the premises contained therein. This description refers to "a small one-room gray metal out building . . . approximately 15-feet . . . " from the service station. Thus it seems clear that the warrant authorized a search not only of the service station building itself, but also the surrounding premises. Consequently, a search of defendant's vehicle, which was on the premises at the time and within the area encompassed by the search warrant, was authorized and not unreasonable.

[2] The fact that the officers observed vials of pills and capsules on the dashboard of defendant's vehicle also provided grounds for a search of the vehicle. Probable cause for a warrantless search of an automobile exists if there is "a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction . . . " *U. S. v. Moody,* 485 F. 2d 531 (3d Cir. 1973). Having observed vials of pills and capsules in plain view on the dashboard of the defendant's vehicle, which vials they reasonably suspected contained controlled substances, the officers here could reasonably conclude the vehicle contained other contraband which justified a complete search of the vehicle.

[3] Defendant next contends that the trial court erred in allowing Officer Wilson to testify as to any evidence pertaining to a Rossi firearm found within the defendant's car. Defendant argues that this testimony was irrelevant and prejudicial.

The State apparently concedes this testimony was irrelevant in that it had no logical tendency to prove any fact in issue and that it was error to admit such testimony. The State, however, contends that the defendant was not substantially prejudiced by this testimony.

"Not every erroneous ruling on the admissibility of evidence will result in a new trial being ordered. When the reviewing court is convinced that justice has been done and that evidence which was excluded would not, if admitted, have changed the result of the trial, a new trial will not be granted. So also where evidence has been improperly admitted, 'The burden is on the appellant not only to show error but to enable the Court to see that he was prejudiced or the verdict of the jury probably influenced thereby.' " Stansbury, N. C. Evidence 2d, § 9, (Brandis Rev. 1973).

After a careful review of the record we are convinced that justice has been done in this case and that the admission of testimony regarding the Rossi firearm did not affect the outcome of this case. The defendant has failed to show that the admission of such testimony substantially prejudiced him or that the verdict of the jury was influenced thereby.

[4, 5] Defendant's third assignment of error relates to the testimony of Vernon H. Smith, Vice-President of Davis Insurance Company, who testified as to the signature on an assigned risk automobile insurance policy. Defendant contends that in admitting this testimony, the trial court committed error since the witness testified that the signature on the policy was the defendant's signature and there was no showing the witness had seen the defendant sign his name before. From the record, however, we find that the testimony was not that the signature on the policy was defendant's but rather only that the policy was issued to one "Johnny Reid" and that the signature on the policy read "Johnny Reid". The witness specifically stated he did not know whether the signature was that of the defendant, or someone else with the same name, or whether someone else signed the name "Johnny Reid" to the policy. The State did not by this witness attempt to prove that the writing was the defendant's signature, and it was not, therefore, necessary to establish the witness's familiarity with the defendant's handwriting. Defendant also argues that this testimony was essential to show ownership of the car by the defendant and thereby show constructive possession of the liquor within. We find no merit in this contention in light of the fact that one of the arresting officers testified the defendant admitted the car was his. This was sufficient to show ownership of the car in the defendant.

[6] The defendant's fourth assignment of error charges that the trial court erred in its instruction to the jury in that the

trial judge used the word "testimony" instead of the word "evidence" in defining "a reasonable doubt". According to defendant, this led the jury to consider only oral testimony in determining whether there was reasonable doubt, instead of all of the evidence. The jury could not have been misled in this case nor was defendant prejudiced in any way. The charge, taken as a whole, was fully understandable and left no doubt as to what the jury should, or should not, consider in arriving at its verdict.

[7]  Defendant next contends the trial judge erred in instructing the jury by stating that he possessed an opinion about the case, although it would be highly improper for him to try to convey it to them since they were the exclusive judges of the facts. Defendant admits that the judge did not directly express his opinion but contends that the comment by the judge implied that he believed the State had proved its case.

It is well settled in this State that unless it appears with ordinary certainty that the rights of either party have been in some way prejudiced by the remark or conduct of the court, it cannot be treated as error. *State v. Browning,* 78 N.C. 555 (1878) ; *Kanoy v. Hinshaw,* 273 N.C. 418, 160 S.E. 2d 296 (1968). Furthermore, the petitioner has the burden of showing that the judge's remarks constituted prejudicial error. *Davis v. State of North Carolina,* 196 F. Supp. 488 (E.D.N.C. 1961), rev'd and remanded 310 F. 2d 904 (4th Cir. 1962), Hab. corp. denied 221 F. Supp. 494 (E.D.N.C. 1963), aff'd 339 F. 2d 770 (4th Cir. 1964), cert. granted 382 U.S. 953, 86 S.Ct. 439, 15 L.Ed. 2d 358 (1966), rev'd and remanded on other grounds 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed. 2d 895 (1966).

We find no merit in the defendant's contention on these facts. Here, there was no evidence of a direct expression of opinion by the judge and defendant has failed to show any indirect expression of opinion. We conclude the defendant has failed to show that he was prejudiced to any extent by this comment.

[8]  Defendant next contends the trial court erred in its instruction as to constructive possession in that the charge did not include intent as an element of constructive possession. An examination of the record shows that the charge, when considered as a whole, sufficiently informed the jury that "intent" was an element which they needed to find present in order to find

the defendant guilty. When the charge considered contextually adequately presents the law of the case to the jury, the charge is not subject to the objection that it failed to explain the law on a particular aspect of the case. *Lewis v. Barnhill,* 267 N.C. 457, 148 S.E. 2d 536 (1966).

And in *Jackson v. Jones,* 2 N.C. App. 441, 446, 163 S.E. 2d 31 (1968), this Court, quoting from *Vincent v. Woody,* 238 N.C. 118, 76 S.E. 2d 356 (1953), said:

> "To require him [the presiding judge] to state every clause and sentence so precisely that even when lifted out of context it expressed the law applicable to the facts in the cause on trial with such exactitude and nicety that it may be held, in and of itself, a correct application of the law of the case would exact of the *nisi prius* judges a task impossible of performance."

[9] Defendant's final assignment of error also relates to the trial judge's charge to the jury. He contends that the trial judge erred in that he did not instruct the jury while restating the evidence that prior convictions of the same or different crime are admissible solely for the purpose of establishing the credibility of the witness. The jury was adequately informed that the State introduced the evidence solely for the purpose of impeaching defendant's credibility. Previously cited authorities are determinative here.

Taken as a whole, the charge was not improper, and the jury could not have been misled.

No error.

Chief Judge BROCK and Judge MARTIN concur.