## 59953. ALBERT v. THE STATE.

DEEN, Chief Judge.

Larry Albert appeals from his conviction of possession of more than one pound of marijuana with intent to distribute alleging that the trial court erred in denying his motion to suppress.

The evidence showed that an undercover GBI agent made arrangements to purchase a quantity of marijuana from one Edward Bramlett who operated a service station. The agent arrived at the station on December 11, 1978, about 9:20 p.m. The station closed and the outside lights were off. Bramlett, however, was inside and informed the agent that he had ten pounds of Colombian marijuana in the back room of the station and was awaiting delivery of twenty pounds of homegrown. At 9:30, Larry Albert arrived and the agent asked if he could see the marijuana in the back room. Bramlett was incapacitated with a broken leg which was in a cast and asked Albert to show the agent the marijuana. Albert led the agent into the back room and removed a large box from beneath a table and took out several small bags. He informed the agent that the box contained ten one-pound bags of marijuana. The agent then counted the bags and told Albert that he'd asked Bramlett about purchasing twenty pounds of Colombian instead of just the ten. Albert replied that he had seven more pounds at home which he could let him have. Albert then sat down and calculated the purchase price of seventeen pounds of Colombian marijuana. The agent remained at the station with Bramlett while Albert went to get the marijuana. Albert returned at approximately 9:55 p.m. in a yellow Fiat. He parked the car directly in front of the station between the gas pumps and the front door and came inside the station. The agent asked if he had the additional seven pounds and Albert replied that it was inside the car. The agent then gave a prearranged signal to police officers who were concealed nearby. Nine officers appeared, Bramlett and Albert were arrested, and a search of the station and curtilage was conducted pursuant to a search warrant issued earlier in the day. The ten pounds of marijuana in the back room of the service station were found and seven more

pounds were found in the trunk of Albert's Fiat.

The affidavit in support of the search warrant set forth facts to show probable cause to believe that Edward Bramlett possessed twenty pounds of marijuana at the "Four-Way Service Station (location described in detail)." The warrant authorized a search of the station and referred to two attachments. Attachment "A" was a map showing the location of the station and attachment "B" provided for a search of "[a]ll vehicles, storage houses, and any other appurtenances located within the curtilage of said premises."

Albert contends that the court erred in failing to suppress evidence obtained as a result of the warrantless search of his automobile. The evidence in this case clearly shows that Albert's automobile was a vehicle located within the curtilage of the service station when the warrant was executed. Although the vehicle had moved onto the curtilage shortly before the police officers arrived and it was not specifically described in the warrant, "[c]ommon prudence dictates that the vehicle has so identified itself with the premises and its curtilage as to make it subject to search as part of the premises." *Bellamy v. State,* 134 Ga. App. 340, 341 (214 SE2d 383) (1975). This issue was also faced by the Florida District Court of Appeals. That court held that in order to authorize a search of a vehicle parked within the curtilage of the premises which are to be searched pursuant to a warrant, there must be some evidence to connect the vehicle with the premises. Here it is clear that Albert and Bramlett were co-conspirators and Albert's car was being used to transport marijuana in furtherance of the conspiracy. Although the police officer who procured the warrant did not know that Albert would be present when the warrant was executed, we find that the defendant's actions at the station in showing the marijuana to the agent, calculating the amount of the sale, going and getting additional marijuana and admitting that he had marijuana in his vehicle are sufficient to connect the vehicle to the premises. This situation is quite different from that in State v. Sircy, 383 SW2d 37 (1964) where there was no probable cause to believe that the accused had any connection with the narcotics or the stolen merchandise found on the premises. It is clear that the accused in this case was not a mere visitor or passerby whose privacy was invaded during the execution of the warrant. The defendant's reliance on *Love v. State,* 144 Ga. App. 728 (242 SE2d 278) (1978) is misplaced because the search in that case was not conducted pursuant to a warrant.

Even if the trial court had erroneously denied the defendant's motion to suppress the marijuana found in his car, the jury verdict shows that he was found guilty of possession of both exhibit 1 (the ten pounds found in the service station) and exhibit 2 (the marijuana

found in his car). As he was only charged with one count of possession, the verdict is supported by the finding that he possessed exhibit 1.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED MAY 6, 1980 — DECIDED JUNE 9, 1980.
REHEARING DENIED JUNE 27, 1980 — 

R. Joneal Lee, for appellant.
*Steve Pace, Jr., District Attorney,* for appellee.