The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Steven Albert WHISLER,
Defendant-Appellee.

No. 85SA445.

Supreme Court of Colorado,
En Banc.

Aug. 25, 1986.

Robert B. Larson, Dist. Atty., Canon City, Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

Vaughn L. McClain, Canon City, for defendant-appellee.

ERICKSON, Justice.

This is an interlocutory appeal pursuant to C.A.R. 4.1 from a district court order granting the defendant's motion to suppress a sawed-off shotgun taken from Janice Anderson's suitcase in an apartment she shared with the defendant. The prosecution asserts that the defendant, Steven Whisler, lacks standing to contest the seizure of the shotgun. We agree and accordingly reverse the suppression order and remand for further proceedings consistent with this opinion.

I.

Steven Whisler was charged with two counts of first-degree sexual assault. He allegedly caused the victim to submit by use of a deadly weapon, to-wit: a sawed-off shotgun. *See* § 18–3–402, 8 C.R.S. (1975 & 1983 Supp.). On the day that the defendant was arrested, Fremont County Sheriff's deputies went to Janice Anderson's apartment, where the defendant resided. Anderson signed a written waiver and permitted the deputies to search the apartment.[1] The deputies searched the apartment, found a locked suitcase in the bedroom closet, and asked Anderson for the key. Anderson said that the suitcase was hers. After Anderson initially refused to produce the key, she gave the key to the deputy. A sawed-off shotgun was found inside the suitcase.

Whisler filed a motion to suppress the sawed-off shotgun on the ground that the sheriff's deputies did not have a warrant to search the apartment and because the search exceeded the scope of Anderson's consent.

At the suppression hearing, Anderson testified that she thought that she had only consented to a search for items belonging to the defendant. She said that, since the suitcase was hers, she did not consent to the search of its contents. A sheriff's dep-

---

1. The waiver provided: "I, Janice Anderson, having been informed of my constitutional rights not to have a search made, and knowing that I have a right to refuse, consent,...."

uty admitted that Anderson's consent did not permit the seizure of her papers or letters. Anderson also admitted that Whisler gave her the shotgun and that, after his arrest, he told her to "get rid of it."

The Fremont County District Court found that Anderson's consent was limited to items belonging to the defendant. Because Anderson initially refused to produce the suitcase key, the subsequent search of the suitcase was declared to be beyond the scope of her consent. The district court also held that, since Whisler resided in Anderson's apartment and had a possessory interest in the premises and its contents, he had standing to contest the seizure of the shotgun. Whisler, the court concluded, had an expectation of privacy in the apartment and did not abandon the shotgun when he told Janice Anderson to "get rid of it."

The district attorney asserts that Whisler had no standing to object to the seizure because he did not have a legitimate expectation of privacy in the suitcase. We agree.

## II.

Since *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), was decided it has been axiomatic that a motion to suppress evidence can only be asserted by those whose fourth amendment rights are violated by a search and "not by those who are aggrieved solely by the introduction of evidence." *Alderman*, 394 U.S. at 171, 89 S.Ct. at 965. "Fourth Amendment rights are personal rights which ... may not be vicariously asserted." *Alderman*, 394 U.S. at 174, 89 S.Ct. at 966.

In *People v. Savage*, 630 P.2d 1070, 1072 (Colo.1981), we analyzed the issue of standing to contest seized evidence:

A person may challenge the constitutional validity of a search only if he has "a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387, 401 (1978). *Accord, Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct.

2556, 65 L.Ed.2d 633 (1980); *People v. Spies*, Colo. [200 Colo. 434] 615 P.2d 710 (1980); *see Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). As the United States Supreme Court said in *Rakas v. Illinois, supra:*

"[T]he question is whether the challenged search or seizure violated the Fourth Amendment rights of a criminal defendant who seeks to exclude the evidence obtained during it. That inquiry in turn requires a determination of whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect."

*Id.* at 140, 99 S.Ct. at 409, 58 L.Ed.2d at 399. Whether a Fourth Amendment interest exists is to be resolved by consideration of the totality of the circumstances with respect to the relationship between the person challenging the search and the area searched. *People v. Spies, supra; see Rawlings v. Kentucky, supra.*

*Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), supports the district attorney's contention that Whisler does not have standing to object to the seizure of the sawed-off shotgun because he did not have a reasonable expectation of privacy in the suitcase.

The facts here are strikingly similar to those in *Rawlings*. There, the defendant placed drugs in his girlfriend's purse, which was subsequently searched. The defendant's motion to suppress the drugs was denied. The United States Supreme Court affirmed, holding that the defendant did not have a legitimate expectation of privacy in the purse. Rawlings did not take "normal precautions to maintain his privacy." 448 U.S. at 105, 100 S.Ct. at 2561.

■ In *People v. Suttles*, 685 P.2d 183 (Colo.1984), we again stated that, for purposes of standing, the focus is whether the proponent of a motion to suppress had a legitimate expectation of privacy in the area searched or the items seized. In the

present case, Whisler did not demonstrate that his fourth amendment rights were violated because he did not establish that he had a legitimate expectation of privacy in Anderson's suitcase. Whisler requested that Anderson put the shotgun in a safe place away from the children. Anderson put it in her suitcase and later consented to the suitcase being unlocked and searched when she provided the key to the sheriff's deputies. *See People v. Savage,* 630 P.2d at 1070.

■ An expectation of privacy in a room does not extend to a locked container in the room when the locked container is owned by another person. *United States v. McGrath,* 613 F.2d 361, 362 (2d Cir.1979) (neither the owner nor driver of an automobile has standing to object to the search of a codefendant's briefcase inside the automobile); *see also Rawlings,* 448 U.S. at 98, 100 S.Ct. at 2557.

Because the defendant lacked standing to contest the seizure of the shotgun from Anderson's suitcase, it is unnecessary for us to specifically address the issues of consent or abandonment.

Accordingly, we reverse the district court's order granting the defendant's motion to suppress and remand the case for further proceedings consistent with this opinion.

LOHR, J., specially concurs, and QUINN, C.J., and DUBOFSKY, J., join in the special concurrence.

LOHR, Justice, specially concurring:

The majority holds that the defendant, Steven Whisler, lacks standing to contest the seizure of a sawed-off shotgun from a locked suitcase found in an apartment in which Whisler and Janice Anderson lived. Although I agree that Whisler lacked standing under the facts of this case, I write separately to emphasize what I perceive to be the limited circumstances that justify the conclusion reached by the majority.

The only evidence available to this court is that which was introduced at the hearing on Whisler's motion to suppress. That evidence demonstrated that Anderson rented an apartment in Canon City and that Whisler frequently stayed at the apartment with her. Whisler had keys to the apartment so that he could come and go as he pleased, and he had full use of the furnishings and appliances in the apartment. Thus, the evidence supports the trial court's finding that Whisler had a reasonable expectation of privacy in the apartment.

Because Whisler had a reasonable expectation of privacy in the apartment, he had the right to challenge the validity under the Fourth Amendment of a search of the apartment. *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978). However, Anderson gave her consent to a limited search of the apartment, which, as a co-occupant of the premises, she had the authority to do. *People v. Savage,* 630 P.2d 1070, 1073–74 (Colo.1981). Therefore, Whisler cannot complain of the police officers' actions in entering the apartment and in conducting a search therein up to the point at which they requested the keys to Anderson's locked suitcase. The ensuing search of the suitcase, as the trial court found, exceeded the scope of Anderson's consent.

The majority further concludes, however, that Whisler cannot complain of the officers' actions in searching the suitcase. I agree with this conclusion for two reasons. First, the uncontroverted testimony of Anderson and Whisler was that the suitcase belonged only to Anderson, that she alone had a key, and that she had never allowed Whisler to use the suitcase. Second, and of equal importance, the police officers' entry into the apartment itself was proper because Anderson had consented to it. Under these circumstances, Whisler cannot claim a legitimate expectation of privacy in the contents of the suitcase. My conclusion would be different, however, if it appeared that the entry into the apartment was in violation of Whisler's Fourth Amendment rights. I reject any intimation that Whisler would lack standing to object to the search of a container that was found

pursuant to an illegal search of premises, even if that container were personal to another inhabitant of the premises.

Furthermore, I do not read *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), as being "strikingly similar" to the present case. In *Rawlings*, the defendant and several other persons were guests in the home of another person and were detained there while the police obtained a warrant to search the home. The police asked one of the detained women to empty the contents of her purse, which she had beside her on the couch. When she did so, she revealed an assortment of illegal drugs that had been placed in her purse by the defendant moments before the arrival of the police officers. The Court held that the defendant had no reasonable expectation of privacy in the woman's purse. *Rawlings*, 448 U.S. at 104, 100 S.Ct. at 2561. I think that the present case presents a much closer question than did *Rawlings*. Whisler and Anderson lived in the apartment and shared its contents. A suitcase, like the other contents of an apartment, is not as easily identifiable as being exclusively under the domain of a particular occupant as was the purse under the circumstances presented in *Rawlings*.

I concur in the ruling of the majority.

I am authorized to say that QUINN, C.J., and DUBOFSKY, J., join in this special concurrence.