## 50147. BELLAMY v. THE STATE.

EVANS, Judge.

This is another case where defendants' motion to suppress the evidence of contraband drugs was denied, and defendants appeal. *Held:*

The affidavit in support of the search warrant set forth that there was probable cause to believe that defendant, Owen, had drugs under his possession and control and on the premises known as "6309 Ferry Dr., N. E., and Curtledge [sic]." The officers located more than one vehicle and a "U-Haul Truck" in the driveway of the described property. Marijuana was found in the dwelling house, and a substance suspected of being cocaine was found in the U-Haul truck. Upon inquiry, defendant Owen stated he had no control over the truck, and that it was in possession of defendant Bellamy who had been permitted to park it on the property. (It is significant to note here that it was never shown that the substance found in the U-Haul truck was actually cocaine or any other drug.)

1. The sole complaint of defendant is that the court erred in holding that there was probable cause to search the U-Haul truck, and particularly so since it was not specifically named in the affidavit, and, therefore, he contends it could not be held to be *within the curtilage* under the facts of the case. The word "curtilage" includes the yards and grounds of a particular address, and the cases cited show "curtilage" also includes the garden, barns, buildings, etc.

2. No case is cited which specifically deals with whether the vehicles standing on the grounds — and therefore within the curtilage of a particular building — may be searched under a warrant for searching the premises. The commonsense view would suggest that they may be searched though not specifically described. "Curtilage" comes down from early English days. An out-building on the grounds is within the "curtilage" and may be searched under such a warrant, though not described specifically. Suppose a fugitive from justice is suspected of hiding on the premises and the officer is armed with a search warrant as to the *premises and*

*curtilage,* and he finds standing on the premises several vehicles capable of hiding the fugitive? Would the officer look under the vehicles and around them, *but not look in them?* It may be that the vehicle in which the fugitive is hiding has moved onto the grounds (within the curtilage) just a few moments before the officers' arrival, and would therefore not be described in the warrant. Common prudence dictates that the vehicle has so identified itself with the premises and its curtilage as to make it subject to search as a part of the curtilage and premises.

3. A search warrant may be limited by merely describing a particular person to be searched; and in such case, another person could not be searched. See *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585); *Jones v. State,* 126 Ga. App. 841 (192 SE2d 171). We have no such circumscribed description in the present case.

4. The description here was sufficient to enable a prudent officer executing the warrant to locate the person and place and to search the place definitely and with reasonable certainty, without depending upon his discretion, as to whether or not to search the vehicles, one of which was locked and parked within the curtilage. *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262); *Steele v. State,* 118 Ga. App. 433, 434(3 b) (164 SE2d 255). There was evidence to support the findings of the court of probable cause as the trior of fact, and it is not shown that the court abused its discretion in denying the motion to suppress. See *Reece v. State,* 208 Ga. 690, 692 (2) (69 SE2d 92); *Pierce v. State,* 231 Ga. 731 (2) (204 SE2d 159); *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED MARCH 4, 1975 — REHEARING DENIED MARCH 20, 1975 — ▮

*Glenn Zell, Al Horn,* for appellants.

*Lewis R. Slaton,* District Attorney, *H. Allen Moye, Joseph J. Drolet,* Assistant District Attorneys, for appellee.