## 50603. NORMAN v. THE STATE.

Deen, Presiding Judge.

The defendant, charged with the possession of moonshine liquor, appeals from the denial of his motion to suppress evidence. The facts are as follows: A peace officer received word from the ubiquitous reliable informer at about 11 a.m. on a Tuesday morning that on the previous weekend he had seen a large quantity of moonshine liquor

in the possession of the defendant. The liquor was on a truck at a described location; the informer did not know how much longer it would be there. The officer made various telephone calls for instructions, ate lunch, and between 12:30 and 12:45 p.m. went with another agent to the defendant's farm. No search warrant was obtained or sought. The truck was found loaded with moonshine as described, and the defendant was then located and arrested. *Held:*

1. Prima facie, a search made within the curtilage of the owner without a warrant is unconstitutional and void. "Curtilage" includes the yards and grounds of a particular address, its gardens, barns, buildings, etc. *Bellamy v. State,* 134 Ga. App. 340. The area outside the curtilage is not protected.

The defendant's farmhouse was about 50 feet from a public road. Behind it and about 100 feet away there was a barn. Behind the barn was a small meadow about 200 feet in depth and backing up to a pulp mill road. The truck was located under some trees in about the middle of this meadow. Was this area within the curtilage or not? A barn 70 or 80 yards away has been held to be within the curtilage (Walker v. U. S., 225 F2d 447). In Brinlee v. State, 403 P2d 253, a location in a pasture adjoining a barn and one hundred yards from the house was held to be within the protected area. The truck here which was within 200 feet of the house and within 100 feet from the barn must also be assumed to be within the curtilage.

2. It is also contended that because the liquor was stored in a motor vehicle a search warrant was unnecessary. It is true that requirements are less stringent for the search of cars than real estate, an example of the exigent circumstances exception and applied when the vehicle is attended and in motion. *Cunningham v. State,* 133 Ga. App. 305 (211 SE2d 150); *Underhill v. State,* 129 Ga. App. 65 (2) (198 SE2d 703). This truck had been left in a meadow back of the defendant's home and not over 200 feet away for two or three days unattended and the state has adduced no facts which might suggest why the officer receiving the information could not have obtained a warrant within the time which actually passed, even though it involved

sending his companion on ahead if it was thought that surveillance was necessary, or, having located the unattended vehicle, have returned and obtained one. If this court were to rule that every time the police have probable cause to believe contraband is in a stated area they may search without a warrant although the obtaining of a warrant would be a simple matter, it is obvious that rarely would a search warrant need to be obtained at all.

The trial court erred in denying the motion to suppress.

*Judgment reversed. Evans and Stolz, JJ., concur.*

SUBMITTED APRIL 29, 1975 — DECIDED MAY 9, 1975.

*Carlisle & Newton, John T. Newton, Jr.,* for appellant.

*Ben J. Miller, District Attorney,* for appellee.