64273. THOMAS v. THE STATE.

SOGNIER, Judge.

Thomas was convicted of two counts of burglary and appeals on the general grounds.

Jerome Nix, Mamie Warren's nephew, asked her to leave the back door of her residence unlocked on the evening of June 23, 1981. She did so, and about 1:00 a.m., June 24th she heard voices of two men in her kitchen. She got up and went into the kitchen, where she saw her nephew and appellant with some clothing, an FM eight-track deck, an AM radio and a sledge hammer. Nix had the sledge hammer in his hand.

The following morning the police discovered a hole knocked in the wall of a building occupied by two businesses, Custom Carpets and John McColl Advertising. Custom Carpets, which also sold clothing, discovered about $1800 worth of shirts and pants missing, and a radio was missing from John McColl Advertising. Neither owner of these two businesses had given anyone permission to enter the buildings or to take the missing property. A trail of coat hangers

and some clothing led from the damaged wall of the building to Mamie Warren's apartment, located a short distance from the burglarized building. After obtaining Warren's permission to search her apartment, the police found some of the stolen clothing, a sledge hammer and a small piece of cinder block similar to that used in the wall of the burglarized building in the apartment. In a pretrial photographic array, Warren identified appellant and her nephew as the two men in her apartment with the stolen items. Nix testified that he had burglarized the building alone and that appellant had nothing to do with the burglary.

We find the evidence sufficient to support the verdict. Despite the testimony of Nix that he alone committed the burglary, the weight of the evidence and credibility of witnesses are questions for the triers of fact. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). This court passes on the sufficiency of the evidence, not its weight, *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978), and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*C. Nathan Davis,* for appellant.
*Hobart Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.