64565. LANDERS et al. v. THE STATE.

CARLEY, Judge.

The Paulding County Sheriff's Department executed a search warrant on the home of Eddie Campbell. According to the testimony of Detective T. W. Moore, who instigated the search, the warrant authorized a search of "[A] brick dwelling with tin shingles on the roof located on Cochran Ridge Road between Fleetwood and a dirt road of Hiram, Georgia." The warrant said nothing about any other structures, people, or vehicles on the premises, although Detective Moore testified that the judge who issued the warrant "told me I could search anything on that property."

Upon arrival at the Campbells' residence, the officers were confronted with numerous vehicles surrounding the house and numerous people milling about, many of whom fled upon discovering

the presence of the officers. A search was made of the Campbell residence, all persons present, and the vehicles surrounding the home. According to police testimony, some drugs were found in the Campbell home. The record is unclear as to whether the search for drugs in the Campbell house was prior to, simultaneous with, or after the search of the vehicles.

No contraband was found on the person of either appellant. However, a search of appellants' van, located on the driveway leading to a vacant lot contiguous to the Campbell property, revealed bags of marijuana and some pills. Appellants were arrested and convicted on three counts of violation of the Georgia Controlled Substances Act. Appellants appeal their conviction.

1. Appellants enumerate as error the trial court's denial of their motion to suppress the contraband found in their vehicle.

The state contends that the search of appellants' van was encompassed within the scope of the warrant to search the premises of Campbell's residence. The state cites *Bellamy v. State,* 134 Ga. App. 340 (214 SE2d 383) (1975) in support of the argument that appellants' van was properly searched pursuant to the valid warrant. In *Bellamy,* the search of a truck parked in the driveway of the property described in the warrant was held to be valid, although the truck was not specifically named in the affidavit supporting the warrant. The basis for upholding the search in *Bellamy* was that the truck was within the curtilage of the premises described in the warrant.

Appellants first contend that *Bellamy* is not controlling in the present case because in *Bellamy* the truck was clearly in the driveway of the premises to be searched while in this case the van was merely located in a driveway leading to a vacant lot contiguous to the premises authorized to be searched. The question thus becomes whether the location of appellants' van was within the curtilage of the Campbell residence, or, in other words, whether, under the circumstances, "[c]ommon prudence dictates that the vehicle has so identified itself with the premises and its curtilage as to make it subject to search as a part of the curtilage and premises." *Bellamy v. State,* 134 Ga. App. at 341, supra. Also see *Albert v. State,* 155 Ga. App. 99 (270 SE2d 220) (1980).

The evidence does not clearly show whether the driveway was within the Campbells' property lines. The evidence does show that the driveway was within "real close" proximity of the Campbell residence, and that the Campbells used the driveway as their own. Furthermore, the driveway appeared to have been "well used," and there was no other house in the area which it could serve other than the residence named in the warrant. Under these facts, we hold that

common sense dictates that the appellants' van could readily be identified with the Campbell residence and its curtilage so as to make it subject to a search under the warrant. " '[T]he police cannot realistically be expected to avoid searching the property of a mere visitor to the premises unless they are aware of its ownership. Absent a requirement of such awareness, the effective execution of a warrant to search a place would be impossible since the police could never be sure that a plausible repository for items named in the warrant belongs to a resident, and hence is searchable, or to a non-resident, and hence is not searchable. Because of this, without notice of some sort of the ownership of a belonging, the police are entitled to assume that all objects within premises lawfully subject to search under a warrant are part of those premises for the purpose of executing the warrant.' [Cits.]" *Childers v. State,* 158 Ga. App. 613, 614-615 (281 SE2d 349) (1981). There is nothing in the instant case to demonstrate that, prior to the search of appellants' automobile, the officers " 'had enough notice that they were searching the personal effects of a person they had no authority to search . . .' [Cit.]" *Childers,* 158 Ga. App. at 615, supra. "[T]he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous." *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689) (1975). It was not error for any reason asserted on appeal to deny appellants' motion to suppress.

2. Appellants enumerate as error the trial court's denial of their motion for mistrial. Appellants contend that an improper and prejudicial comment was made by counsel for the state in his opening statement when he said that the officers were searching the vehicles "because the judge had told them it was o.k."

"In opening a criminal case to a jury preliminary to introduction of evidence, counsel may state what he expects to prove, and no error is committed where it does not appear that the remarks of counsel are otherwise than in good faith." *Jordan v. State,* 78 Ga. App. 879 (6) (52 SE2d 505) (1949). The assistant district attorney's statement was obviously not made in bad faith because it was later supported by the sworn statement of the officer who executed the warrant. The officer testified that, although the search warrant was silent as to anything to be searched besides the Campbell premises, the judge had verbally advised them that they could search everything on the premises, including the automobiles.

3. In their final enumeration of error, appellants assert that the court erred in limiting their cross-examination of a police officer. Appellants were not allowed to cross-examine the officer concerning a large sum of money allegedly missing since the search and the circumstances surrounding the issuance of the search warrant. Code

Ann. § 38-1705 provides: "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him." However, the trial judge has discretion to control the scope of cross-examination within reasonable bounds, and unless this discretion is abused, it will not be controlled by a reviewing court. *Miller v. State,* 155 Ga. App. 587 (271 SE2d 719) (1980), *Covington v. State,* 157 Ga. App. 371 (277 SE2d 744) (1981), *Smith v. State,* 158 Ga. App. 330 (280 SE2d 162) (1981).

The trial judge in the instant case did not err in limiting the scope of cross-examination of the officer. The whereabouts of the alleged missing money is not relevant or material to the issue of appellants' guilt of possession of illegal substances. There was also no abuse of discretion by the trial judge in refusing to allow cross-examination of a state's witness concerning the source of information on which the warrant was issued. Even though it is not error per se to permit evidence relative to the motion to suppress in the presence of the jury, *State v. Peabody,* 247 Ga. 580 (277 SE2d 668) (1981), the "[c]redibility of witnesses, resolution of any conflict or inconsistency, and weight to be accorded testimony is solely the province of the judge on a motion to suppress." *Rogers v. State,* 155 Ga. App. 685, 686 (272 SE2d 549) (1980). Accordingly, the circumstances surrounding the issuance of the search warrant was not an issue for the jury to decide, and therefore irrelevant. The trial judge did not err in the exercise of his discretion to restrict the cross-examination concerning the search warrant.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 16, 1982 —
REHEARING DENIED DECEMBER 6, 1982 —

*William G. Posey,* for appellants.
*William A. Foster III, District Attorney,* for appellee.