66921. DAVIS v. THE STATE.

CARLEY, Judge.

Appellant and a co-defendant were jointly tried on a two-count indictment. Count I alleged that the defendants had escaped from lawful confinement while armed with a deadly weapon. Count II alleged the commission of an act of theft by taking. Jury verdicts were returned which found appellant and his co-defendant guilty of both counts. Appellant appeals from the judgment of conviction and sentence entered on his guilty verdict.

1. Appellant first asserts that he was not afforded effective assistance of counsel by the attorney appointed to represent him at trial.

"The constitutional right to assistance of counsel means not errorless counsel and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. [Cit.]" *Zant v. Campbell,* 245 Ga. 368, 370 (265 SE2d 22) (1980). " 'When inadequate representation is alleged, the critical factual inquiry ordinarily relates to . . . whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy.' [Cit.]" *Chappell v. State,* 164 Ga. App. 77, 80 (296 SE2d 629) (1982). " 'The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive

province of the lawyer after consultation with his client.' [Cits.]" *Hawes v. State,* 240 Ga. 327, 330 (240 SE2d 833) (1977).

The enumerated deficiencies in the defense afforded appellant by his trial counsel relate solely to matters of tactics and strategy. "Simply because other lawyers might have exercised different judgments and conducted [appellant's] defense in a different manner does not require a finding that defense counsel's representation of [appellant] was so inadequate as to amount to a denial of effective assistance of counsel. [Cit.]" *Austin v. Carter,* 248 Ga. 775, 779 (285 SE2d 542) (1982). Our review of the transcript of the trial of the instant case demonstrates that defense counsel's representation of appellant did not constitute ineffective assistance of counsel.

2. Appellant asserts that the verdict of guilty of escape while armed with a deadly weapon was strongly against the weight of the evidence.

This court reviews the sufficiency, not the weight of the evidence. See *Thomas v. State,* 163 Ga. App. 534 (295 SE2d 337) (1982). The evidence was more than sufficient to demonstrate that appellant was guilty of escape while armed with a deadly weapon as that crime is defined in OCGA § 16-10-52 (Code Ann. § 26-2501). The fact that only appellant's co-defendant wielded the weapon while they made their joint escape from lawful confinement does not exculpate appellant. He was clearly a party to an escape effectuated by the use of a deadly weapon. See generally *Stevens v. State,* 158 Ga. App. 656 (281 SE2d 629) (1981); *Ford v. State,* 163 Ga. App. 745 (296 SE2d 85) (1982); *Criswell v. State,* 164 Ga. App. 524 (297 SE2d 531) (1982).

3. Appellant enumerates as error the failure of the trial court to give, without request, a charge on justification and coercion, which is characterized as his sole defense.

A trial court is not required to give a charge on a defendant's "sole defense" if it is not authorized by the evidence. *Young v. State,* 163 Ga. App. 507, 508 (295 SE2d 175) (1982). According to appellant's testimony, the escape was the original idea of his co-defendant and he "went along" because he had a toothache and "wanted to go to the dentist, and [the guard] never would carry [him]." Appellant freely admitted that he had not been threatened into joining his co-defendant in making the escape. This evidence would not authorize a finding that appellant's "act of escape was the only way to prevent 'his imminent death or great bodily injury.'" *Young v. State,* supra at 508-509. Compare *Syck v. State,* 130 Ga. App. 50 (202 SE2d 464) (1973); *Dobbs v. State,* 132 Ga. App. 614 (208 SE2d 624) (1974); *Hill v. State,* 135 Ga. App. 766 (219 SE2d 18) (1975). Accordingly, it was not error to fail to give an unrequested charge on coercion and

justification. *Young v. State,* supra.
*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 31, 1984.

Michael J. Davis, *pro se.*
H. Bradford Morris, Jr., for appellant.
Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney, for appellee.