## 76904. NELSON v. THE STATE.
### (372 SE2d 829)

CARLEY, Judge.

Appellant was tried before a jury and convicted of selling marijuana in violation of OCGA § 16-13-30 (j). He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

At trial, the State called as its witness an undercover police officer who testified that appellant had sold him a quantity of marijuana. He also testified that a confidential informant had identified appellant as "Pete White." On cross-examination, appellant sought to question the officer concerning the reliability of the confidential informant. In his sole enumeration, appellant urges that his right to a thorough and sifting cross-examination of the officer as to this issue was erroneously restricted by the trial court.

Even assuming the relevancy of an inquiry into the reliability of a confidential informant whose only apparent connection with the case was the incorrect identification of appellant as "Pete White," the transcript shows that appellant was nevertheless allowed to pursue this topic during the cross-examination of the officer. Appellant was merely prevented from eliciting inadmissible hearsay and legal conclusions from the officer. The right to a thorough and sifting cross-examination is not abridged where the excluded testimony would be based upon speculation or hearsay. *Rhodes v. State*, 170 Ga. App. 473, 476 (3) (317 SE2d 285) (1984).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Larry B. Mims*, for appellant.
*David E. Perry, District Attorney*, for appellee.