## A89A0891. DURHAM v. THE STATE.
### (383 SE2d 654)

SOGNIER, Judge.

Ronnie Benjamin Durham was convicted of criminal solicitation to commit murder, and he filed this appeal.

Appellant's sole enumeration of error is that the trial court erred by failing to charge, absent a request, that once appellant established a prima facie case of coercion, the State had the burden of proving beyond a reasonable doubt that appellant was not coerced into com-

mitting the charged crime. We do not agree. The record reveals that the trial court gave a thorough charge on the definition of coercion, which was taken verbatim from the request to charge appellant did file. The court also charged the jury on the presumption of innocence and the State's burden of proof as to each element of the crime, and stated further that appellant had "no burden of proof, nor burden of persuasion in this case whatsoever." Taken as a whole the court's charge fully and fairly presented appellant's case and theories to the jury. See *Mallory v. State*, 166 Ga. App. 812, 814-815 (3) (305 SE2d 656) (1983). Contrary to appellant's contentions, this is not a case in which " 'the [enumerated] omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence, (cits.)' [cits.]" *Laney v. State*, 184 Ga. App. 463, 467 (361 SE2d 841) (1987), and thus appellant is not relieved from the necessity of requesting an instruction at trial as a prerequisite to challenging its omission on appeal. Compare id. at 466-467 (2). Accordingly, we find no merit in appellant's appeal. See generally *Mallory*, supra at 815.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1989.

*The Garland Firm, Donald F. Samuel*, for appellant.
*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.