A91A2251. OWENS v. THE STATE.
(415 SE2d 704)

SOGNIER, Chief Judge.

Henry Owens was convicted of possession of marijuana and cocaine and possession of a firearm by a convicted felon. He appeals from the denial of his motion for new trial.

1. Appellant first enumerates as error the denial of his motion to suppress the cocaine found in his car. On the night of October 21, 1988, officers of the Grovetown police department went to appellant's home to execute a probation revocation arrest warrant issued by Chatham County. When they arrived at appellant's home, he requested permission to dress before leaving with the officers. They agreed, and entered the residence to wait, where they observed marijuana and a gun in plain view. The officers immediately obtained and executed a search warrant authorizing a search of "the premises of 107 Fisk St. . . . a one story double wide trailer . . . with a chain link fence surrounding it." One officer searched appellant's unlocked car, which was parked in the yard inside the fence, and discovered a plastic bag containing a substance that proved to be 2.7 grams of crack cocaine.

Our courts have held that the issuance of a search warrant for a

certain address authorizes a search of anything within the curtilage of the described premises — i.e., the yards, grounds, gardens, barns, and buildings of an address. E.g., *Bellamy v. State*, 134 Ga. App. 340 (214 SE2d 383) (1975). See *Landers v. State*, 250 Ga. 808 (301 SE2d 633) (1983), in which the Supreme Court expressly approved of the rationale and holding in *Bellamy*. Vehicles parked in the driveway or elsewhere on the premises have been found to be within the curtilage. *Bellamy*, supra (truck parked in driveway); *Norman v. State*, 134 Ga. App. 767, 768 (1) (216 SE2d 644) (1975) (truck parked in field within 200 feet from residence). We decline appellant's invitation to overrule this well-established principle of law.

2. Appellant also challenges the sufficiency of the evidence proffered to support his convictions for possession of the guns and cocaine, contending that the State did not rebut his defense of equal access. The arresting officers testified that they found four guns inside appellant's residence, and that they saw no clothing or personal items in the other bedrooms or any other evidence to suggest that anyone else lived there. The officer who searched appellant's unlocked car testified that he found the package of cocaine inside a driving glove tucked into the pocket of the driver's door. Appellant testified that the guns belonged to a man who boarded with him several days a week, and also stated that a woman he dated sometimes drove the car. He denied having either the cocaine or the guns in his possession.

"In the absence of any circumstances to the contrary, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein. [Cits.]" (Punctuation and emphasis omitted.) *Fears v. State*, 169 Ga. App. 172, 173 (312 SE2d 174) (1983). As to automobiles, if the only evidence of possession of contraband found therein is that the defendant is the owner, and there is evidence of prior use of or equal access to the vehicle by other parties in the recent past, then a directed verdict is demanded. Id. "However, if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the jury." Id. at 174 (1).

With regard to the cocaine charge, although appellant testified that his friend sometimes drove his car, there was no evidence that she or anyone else had been in possession of the car at any time close to the time the contraband was discovered. Accordingly, the cocaine possession charge was properly submitted to the jury and the evidence was sufficient to authorize the verdict. See *Cochran v. State*, 190 Ga. App. 884, 885 (380 SE2d 319) (1989) (to make a showing of equal access, it must be shown not that others *could* have had access but that they *did* have access in fact). Similarly, testimony of the ar-

resting officers that some of the guns were found in common areas of the residence, which was owned by appellant, authorized the submission of the gun possession charge to the jury, and the officers' testimony that they found no evidence indicating that anyone other than appellant lived in the residence was sufficient to authorize the jury's rejection of appellant's claim that the guns belonged to his boarder. Accordingly, we find the evidence as to both charges met the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *McDade v. State*, 175 Ga. App. 204, 205 (332 SE2d 672) (1985).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 11, 1992.

*Charles R. Sheppard*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney*, for appellee.