## A96A0469. JOHNSON v. THE STATE.
(471 SE2d 46)

ANDREWS, Judge.

Betty Ann Johnson shot Shanelda Carlisle with a pistol. The bullet transected Carlisle's spinal cord, partially paralyzing the 16-year-old victim and rendering her legs useless. Johnson appeals from a jury verdict finding her guilty of aggravated battery.

1. The State presented evidence showing that Johnson was at a

school bus stop waiting for her 13-year-old son to get off the bus after school. When her son got off the bus, a fight started between her son and some girls. The victim was standing in a crowd of people at the bus stop near the area of the fight. When she saw her son in the fight, Johnson pulled a pistol from her purse. The State presented evidence that Johnson either intentionally shot the victim or intentionally fired into the crowd in the direction of the victim. Johnson admitted the victim was struck by a bullet fired from the pistol she was holding. She claimed, not that the shooting was justified, but that it was accidental. Johnson presented evidence that, when she pulled the pistol out of her purse, she intended to fire it into the air to disperse the crowd, but the victim or someone else grabbed her arm and tried to pull the pistol away from her, causing an unintentional discharge of the pistol.

The evidence viewed in favor of the jury's verdict was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Johnson was guilty of aggravated battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson claims the trial court erroneously allowed the State to introduce testimony from a firearms expert who examined the pistol and gave a written report to the State two days prior to the trial. She claims the testimony of the expert as to the contents of the report should have been excluded because she filed a timely request for copies of written scientific reports pursuant to OCGA § 17-7-211 (b), and she did not receive a copy of the report until two days prior to the trial.

Although Johnson claims she filed a written request pursuant to OCGA § 17-7-211 (b), there is nothing in the record to support this claim. Contrary to Johnson's assertion, the State does not concede that such a request was made. The appellant has the burden to support claimed error by the record. *Keith v. State*, 218 Ga. App. 729 (463 SE2d 51) (1995). In the absence of any evidence in the record that a written request invoking the requirements of OCGA § 17-7-211 (b) was made, Johnson has failed to carry the burden of establishing this assertion of error in the record. *Cassie v. State*, 192 Ga. App. 484, 486 (385 SE2d 129) (1989).

Even assuming Johnson made a timely written request pursuant to OCGA § 17-7-211 (b), we find no error in the admission of the expert's testimony in this case. The State received the expert's written report two days before trial and gave a copy of the report to defense counsel on the same day it was received. Nevertheless, the trial court excluded the written report but allowed the expert witness to testify as to the contents of the report. Even though the trial court excluded the report, the exclusionary rule for failure to comply with the requirements of OCGA § 17-7-211 (b), if applicable, would apply

to exclude both the written report and oral testimony regarding the contents of the report. *State v. Madigan*, 249 Ga. 571 (292 SE2d 406) (1982), rev'd on other grounds, *Law v. State*, 251 Ga. 525, 528 (307 SE2d 904) (1983). We find that the exclusionary rule was not applicable under the present facts.

Although OCGA § 17-7-211 (b) provides that requested reports in possession of or available to the prosecution must be furnished to the defense at least ten days prior to trial, "[t]he statute does not prohibit the prosecution from introducing evidence of scientific tests performed [less than ten days] prior to . . . the trial absent a showing that the prosecution attempted to circumvent the discovery process." (Citations and punctuation omitted.) *Wellborn v. State*, 258 Ga. 570, 572 (372 SE2d 220) (1988). "[W]here compliance with the 10-day requirement is not possible, the defendant is entitled to the document within a reasonable time and may be entitled to a continuance or recess as the trial judge shall determine. Only where the prosecuting attorney fails altogether to furnish the document does the exclusionary rule apply." (Citation and punctuation omitted.) *Carey v. State*, 257 Ga. 134, 136 (356 SE2d 507) (1987).

There is no evidence that the prosecution attempted to circumvent the discovery process. The State provided a copy of the report to defense counsel two days before trial as soon as it became available. *Wellborn,* supra at 572. Prior to trial, the defense moved for exclusion of the testimony or for an unspecified continuance. The trial court refused to exclude the testimony and stated that it would allow defense counsel time to speak with the witness prior to trial. Just prior to introduction of the expert testimony during the trial, the defense again moved for exclusion of the testimony. The trial court denied the motion and granted defense counsel's request for a brief recess to speak with the witness prior to his testimony. Defense counsel does not contend that he was prevented from adequately conferring with the witness. Under these circumstances, we find no error in admission of the expert testimony.

Moreover, the testimony given by the expert witness was not inconsistent with Johnson's defense that the shooting was accidental. The defense stipulated that the bullet removed from the victim's body was fired from the gun Johnson was holding in her hand, so the expert's similar conclusion based on the test results was not harmful. The only other portion of the testimony objected to by Johnson was the expert's conclusion that to discharge the pistol by pulling the trigger would take about two pounds of force with the hammer in the cocked position and about nine pounds of force with the hammer uncocked. On cross-examination by defense counsel, the expert agreed that, given the relatively small amount of force necessary to pull the trigger, it was possible the pistol could be unintentionally

discharged if someone attempted to pull the gun out of the gunholder's hand while the holder's finger was on the trigger. This testimony supported Johnson's defense. Accordingly, even if the testimony was excludable, Johnson has demonstrated no harm.

3. Johnson claims the trial court erroneously excluded evidence that a gang of girls known as the Reynoldstown Posse had beaten up her sons and other neighborhood children on previous occasions and had threatened to beat up one of her sons on the day at issue. In seeking to introduce this evidence, the defense stated that it would not show the victim was a member of the gang or had participated in any violent gang actions. Johnson claimed this evidence was relevant to show that the reason she put a pistol in her purse to go to the bus stop to pick up her son was for protection from the gang. The trial court ruled that Johnson could testify that she did not live in a safe neighborhood and that there was a lot of violence in the neighborhood, but excluded any reference to gang activity as irrelevant. We find no error.

Evidence of gang activity in the neighborhood was not relevant to the issues before the court. Moreover, despite the trial court's ruling, evidence was admitted showing Johnson's state of mind and reasons for carrying the gun. Johnson testified that, although she took a gun to the bus stop, she did so for protection and did not intend to shoot anyone. The exclusion of references to gang activity did not prevent Johnson from testifying that the girls had previously threatened her and threatened to beat up her son the day before the incident. The ruling did not prevent Johnson from fully explaining what happened at the bus stop at the time of the shooting nor did it prevent her from presenting her accident defense.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 3, 1996.

*Jeffrey P. Manciagli*, for appellant.

*Lewis R. Slaton, District Attorney, Herman L. Sloan, Carl P. Greenberg, Assistant District Attorneys*, for appellee.