## A96A2401. WHITE v. THE STATE.
### (483 SE2d 329)

Judge Harold R. Banke.

Lanor Ramon White was convicted of trafficking in cocaine and received a 30 year sentence. On appeal, he enumerates nine errors.

The evidence, viewed in the light most favorable to the verdict, revealed the following. In May 1994, a month before White's arrest, Gerald Easley, an undercover agent, purchased approximately two ounces of cocaine from Marvin Johnson at American Auto Detail, a business Johnson owned. Easley ordered the cocaine from Johnson, who stated that his cousin would pick up the drugs and deliver them to the detail shop. White, who subsequently was identified as Johnson's cousin, arrived on a red and white Honda motorcycle, opened the receptacle under the seat, removed a hat containing three clear plastic bags filled with a white powder, and took them to Johnson. Easley then exchanged $2,000 for the cocaine. While Easley was waiting for the delivery, surveillance agents observed a black male drive a red and white Honda motorcycle from the detail shop to 55 Branchwood Drive in Covington, stop briefly and then return to the detail shop. White's mother owned the Covington residence and lived there with three of her children, including White, and his girl friend and their child.

Several weeks later, Easley ordered three more ounces of cocaine from Johnson. Johnson contacted White, and the three men met at the detail shop. Because White's lunch break at work left him too little time to retrieve the cocaine, Johnson drove to 55 Branchwood Drive, returned to the detail shop, and sold the cocaine to Easley.

Several weeks after this transaction, agents obtained no-knock search warrants for the detail shop and the Branchwood Drive residence and simultaneously executed them. In so doing, agents discovered White at the residence as well as approximately $4,500 in cash and three bags of cocaine of over 80 percent purity. One of the bags contained 444.4 grams; the other two collectively held over 36 grams.

The State predicated the charges against White solely on his possession of the cocaine seized at his residence. Evidence of his participation in the May delivery was admitted at trial as a similar transaction. *Held*:

1. We reject White's contention that the absence of probable cause invalidated the search warrant and required the suppression of the evidence seized at the residence. Elaborate specificity is not required in affidavits supporting search warrants and, where the affidavit leaves doubt as to the existence of probable cause, such questions should largely be resolved by a preference accorded warrants. *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996).

Notwithstanding White's contention to the contrary, the affidavit supporting the warrant was not inadequate for failing to mention him by name, state that contraband had been seen in the house, or specify that he entered the residence. The affidavit and the record showed that Johnson was a high volume dealer whose family participated in the enterprise. *Hale v. State*, 220 Ga. App. 667, 668 (2) (a) (469 SE2d 871) (1996) (entire record may be considered in reviewing probable cause determination). Each time Johnson sold cocaine to Easley, someone went to the residence at issue and returned with cocaine. The affidavit connected White, identified as Johnson's cousin and courier, with the motorcycle, which was purchased and used for delivering cocaine, and the residence. Compare *State v. Porter*, 167 Ga. App. 293 (306 SE2d 377) (1983) (affidavit showing mere pattern of behavior with no specific knowledge of drugs inadequate). Accordingly, the denial of White's motion to suppress was not clearly erroneous. *Hale*, 220 Ga. App. at 669 (2) (a).

Nor was the information supporting the warrant stale. In light of the continuing nature of Johnson's enterprise, the statements in the affidavit were sufficient to create a reasonable belief that the conditions described in the affidavit still prevailed when the warrant was issued. *Hale*, 220 Ga. App. at 669 (2) (c).

2. White waived his enumeration challenging the admission of similar transaction evidence of his delivery of the cocaine to Johnson in May 1994. Although White asserted a lack of similarity objection at the similar transaction hearing, he failed to object when the evidence was admitted at trial. *Sapeu v. State*, 222 Ga. App. 509, 510 (4) (474 SE2d 703) (1996).

Had this issue been properly preserved, we would have rejected White's claim of lack of similarity. Similar transactions need not be identical in every respect. *Lumsden v. State*, 222 Ga. App. 635, 636 (1) (475 SE2d 681) (1996). Moreover, when determining their admissibility, courts should focus on the similarities of the occurrences rather than their differences, particularly when the purpose of the evidence is to show intent rather than identity or criminal signature.

*Harris v. State*, 222 Ga. App. 83, 85 (1) (473 SE2d 245) (1996); see *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989). Because there was a logical connection between the two incidents, in that White possessed cocaine in both, and proof of the similar transaction tended to establish the offense at issue, admission of the evidence was not error. *Dixon v. State*, 267 Ga. 136, 140 (4) (475 SE2d 633) (1996).

3. The evidence, viewed in the light most favorable to the victor, was sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The State more than met its burden of proving that White knowingly possessed over twenty-eight grams of cocaine with a purity of at least ten percent. OCGA § 16-13-31 (a) (1). In effect, White seeks a reweighing of the evidence. This we cannot do. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994). The similar transaction evidence provided proof of intent sufficient to negate beyond a reasonable doubt White's claims of mere presence and equal access. Compare *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993).

4. Because the standard of review for the denial of a motion for directed verdict of acquittal is identical to that used to review the sufficiency of the evidence, we need not reach White's fourth enumeration. *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996).

5. The trial court did not err in refusing to charge the jury on the rebuttable presumption that the owner or lessor of premises possesses the contraband found therein. See *Mobley v. State*, 190 Ga. App. 771, 772 (1) (380 SE2d 290) (1989) (presumption that *husband* as head of household possessed contraband found therein violates due process). The charge was not authorized by the evidence. *Davis v. State*, 169 Ga. App. 601, 602 (3) (314 SE2d 257) (1984).

6. The trial court's refusal to charge on mere presence was not reversible error. The evidence, including that demonstrating White's intense involvement in Johnson's enterprise, did not support the charge. Id. The court instructed the jury on equal access, which more accurately characterized the evidence in light of the number of individuals occupying the residence. In any event, mere presence is not a recognized defense, only a " 'corollary to the requirement that the State prove each element of the offense charged,' [cit.]" and the instructions as a whole fairly presented White's case and theories to the jury. *Ancrum v. State*, 197 Ga. App. 819, 821 (2) (399 SE2d 574) (1990); see *Durham v. State*, 192 Ga. App. 91, 92 (383 SE2d 654) (1989).

7. We reject White's contention that the trial court committed reversible error by permitting one of the agents, who was not tendered or qualified as an expert, to testify that he had never seen fingerprints successfully lifted from plastic bags. Because the agent,

who had over seven years experience in law enforcement and had participated in over 200 drug operations, could have qualified as an expert on this matter, the admission of this testimony does not require reversal. See *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 392 (3) (414 SE2d 521) (1991). Moreover, the agent's testimony was not inconsistent with White's defenses, particularly his equal access theory; thus, White demonstrated no harm. *Johnson v. State*, 221 Ga. App. 267, 269-270 (2) (471 SE2d 46) (1996).

8. The trial court did not abuse its discretion in prohibiting White from challenging each fact contained in the search warrant on cross-examination. *Fletcher v. State*, 197 Ga. App. 112, 113 (1) (397 SE2d 605) (1990) (standard of review). The court resolved the question of the warrant's validity as a matter of law and White's inquiry before the jury was irrelevant. *Thomas v. State*, 173 Ga. App. 481, 484 (2) (326 SE2d 840) (1985); *Landers v. State*, 164 Ga. App. 657, 660 (3) (297 SE2d 748) (1982).

9. The State's failure to provide White with a scientific report stating that tests revealed no fingerprints on a plastic bag seized at his home or a videotape of the search does not require reversal. Because the information was provided to White at trial and he failed to satisfy his burden of showing the positive effect of earlier disclosure or the harm resulting from its absence, no *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) violation was proved. *Burgeson v. State*, 267 Ga. 102, 104 (2) (475 SE2d 580) (1996).

The trial court erred in permitting the State to present testimony on the results of the written scientific report on the fingerprints because it failed to provide White with the report, notwithstanding his request.[1] OCGA § 17-7-211 (b). OCGA § 17-7-211 (c)'s specific prohibition against the admission of such evidence in rebuttal as well as in the prosecution's case in chief undermines the State's contention that White opened the door by cross-examining a witness about the results of the fingerprint tests. White's failure to demonstrate harm from this error precludes reversal, however. See *Johnson*, 221 Ga. App. at 269-270 (2).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 17, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997.

*William D. Kelly*, for appellant.

---

[1] OCGA § 17-7-211 was repealed effective January 1, 1995. The criminal discovery provisions currently in effect are codified at OCGA § 17-16-1 et seq.

*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.