## A99A0019. BROOKS v. THE STATE.

(515 SE2d 851)

BLACKBURN, Presiding Judge.

Jerry Brooks appeals his conviction for the possession of marijuana, following a jury trial. Brooks contends the trial court erred by: (1) admitting into evidence an incriminating statement he made to officers after he had invoked his right to counsel and (2) denying his motion to suppress evidence seized from his vehicle pursuant to a search warrant for the premises. Brooks' statement was not the product of custodial interrogation, and the search of the vehicle was authorized by the search warrant. We affirm.

The evidence shows that Special Agent John Cagle of the Georgia Bureau of Investigation was informed that Kelly Geist was receiving substantial quantities of marijuana for packaging and distributing. Agent Cagle obtained a search warrant for the "person and premises of Kelly Geist." Appellant Brooks also lived in the mobile home which was the subject of the search warrant. Agent Cagle and members of the Appalachian Drug Task Force, a multi-jurisdictional drug interdiction unit, executed the warrant. The officers also searched a white pickup truck parked behind the mobile home as part of the search of the premises. Brooks told the officers that the truck belonged to him. The officers found a gallon bag full of marijuana behind the seat of the truck.

After the marijuana was discovered, Brooks was arrested for possession of the marijuana in the truck, and he was taken to the Pickens County jail. Later that evening, Agent Chris Romine of the Pickens County Sheriff's Office came to the jail to interview Brooks. After Agent Romine advised Brooks of his right to remain silent and his right to counsel, Brooks invoked his right to counsel and refused to discuss the allegations against him.

Agent Romine then began to complete an arrest record on Brooks for the Drug Task Force. The arrest record sought information about Brooks, including name, race, sex, physical description, phone number, education, Social Security number, employer, driver's license number, vehicle type and tag number, and relatives. Agent Romine completed the form by supplying some of the information

himself and by asking Brooks for some of the information.

While Agent Romine was completing the arrest record, Brooks asked him several times about the charges against him. Agent Romine did not respond until he had finished the arrest record. At that time, he told Brooks he was being charged with possession of two pounds of marijuana found in his truck. Brooks blurted out that it was only a pound of marijuana and that it had been there for over a week.

1. Brooks contends the trial court erred by admitting into evidence his statement about the marijuana, asserting that the statement was the product of improper interrogation after he had invoked his right to counsel and therefore should have been excluded. The trial court determined that Brooks' statement was not the product of custodial interrogation, and we cannot say that determination was clearly erroneous. See *Franks v. State*, 268 Ga. 238, 242 (486 SE2d 594) (1997).

> In *Rhode Island v. Innis*, 446 U. S. 291, 300-301 (100 SC 1682, 64 LE2d 297) (1980), the U. S. Supreme Court defined the "interrogation" which must be preceded by *Miranda* warnings as the "express questioning (of a person in custody) or its functional equivalent . . . that is, . . . any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."

*Walton v. State*, 267 Ga. 713, 717 (4) (482 SE2d 330) (1997). The statement here was not the product of questioning initiated by police officers. It was Brooks' response to the agent's answer to a question posed by Brooks. Moreover, there is no evidence that Romine knew or should have known that his responsive statement was reasonably likely to elicit an incriminating statement from Brooks. *Walton*, supra; see *Delay v. State*, 258 Ga. 229 (367 SE2d 806) (1988) (defendant's incriminating statement made in response to police officer's answer to defendant's questioning the charges against him was not the result of custodial interrogation).

Brooks contends the agent's questioning to complete the arrest record constituted custodial interrogation which the agent should have known would evoke an incriminating statement. We disagree. We note that

> [a] well-established line of federal and state case law has created an exemption from the *Miranda* rule for questions attendant to arrest, because such questions are not related

to the investigation of the case, and at the same time serve a legitimate administrative need. See, e.g., [*Pennsylvania v. Muniz*, 496 U. S. 582 (110 SC 2638, 110 LE2d 528) (1990)]; *Edwards v. State*, 220 Ga. App. 74, 76-77 (2) (467 SE2d 379) (1996); *Mincey v. State*, 257 Ga. 500, 506 (10) (360 SE2d 578) (1987).

(Footnote omitted.) *Franks*, supra at 239.

Thus, Georgia courts have allowed questions seeking basic biographical data, such as the suspect's name, age, address, educational background, marital status, and other information required to complete an arrest form. *Edwards*, supra at 76; *Baird v. State*, 263 Ga. 868, 871 (1) (440 SE2d 190) (1994); *Mincey*, supra at 506; *Lester v. State*, 174 Ga. App. 886, 887 (2) (332 SE2d 31) (1985). Under the facts of this case, the questions to complete the arrest record were not custodial interrogation. See *Franks*, supra. Moreover, completing the arrest record did not elicit the statement from Brooks. Brooks blurted out the statement in response to Romine's answer to the question posed by Brooks. The statement by Brooks was properly admitted.

2. Brooks contends that the search warrant for the premises did not authorize the search of his truck, and therefore the trial court erred by denying his motion to suppress the evidence found in that search.

When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations and punctuation omitted.) *Lambright v. State*, 226 Ga. App. 424 (487 SE2d 59) (1997).

[T]he issuance of a search warrant for a certain address authorizes a search of anything within the curtilage of the described premises — i.e., the yards, grounds, gardens, barns, and buildings of an address. . . . Vehicles parked in the driveway or elsewhere on the premises [are] within the curtilage. *Bellamy* [*v. State*, 134 Ga. App. 340 (214 SE2d 383) (1975)] (truck parked in driveway); *Norman v. State*,

134 Ga. App. 767, 768 (1) (216 SE2d 644) (1975) (truck parked in field within 200 feet from residence).

*Owens v. State*, 202 Ga. App. 785 (1) (415 SE2d 704) (1992).

Here, the evidence shows that Brooks' truck was parked outside the back door of the mobile home and thus was within the curtilage of the premises. The trial court properly denied the motion.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 8, 1999.

*Weaver & Weaver, George W. Weaver, Jeffrey L. Floyd*, for appellant.

*Roger Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.