A01A1405. SMITH v. THE STATE.
(553 SE2d 339)

MILLER, Judge.

A jury found Manuel Scott Smith guilty of possession of marijuana, possession of marijuana with intent to distribute, and possession of methamphetamine. Following the denial of his motion for new trial, Smith appeals, asserting several enumerations of error. Having examined each of these issues and finding no error, we affirm.

With information provided by a confidential informant, officers obtained a search warrant for Smith's home where they found a baggie with methamphetamine residue and a bag of marijuana. Officers also found digital scales in Smith's truck parked in the driveway of the home.

1. Smith first argues that the digital scales found in his truck should have been suppressed because the vehicle was searched without probable cause. Pretermitting the fact that Smith did not file a motion to suppress as required by OCGA § 17-5-30 (b),[1] the trial court did not err in admitting this evidence. "The issuance of a search warrant for a certain address authorizes a search of anything within the curtilage of the described premises — i.e., the yards, grounds,

---

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] See *Hood v. State*, 245 Ga. App. 391 (1) (537 SE2d 788) (2000).

[1] See *Dixson v. State*, 191 Ga. App. 410 (1) (382 SE2d 357) (1989) (failure to file a timely motion to suppress constitutes a waiver of the constitutional guarantee with respect to the search and seizure in question); *Peppers v. State*, 144 Ga. App. 662, 663 (1) (242 SE2d 330) (1978) (by failing to file a written motion to suppress, defendant waived objection to evidence on the ground that it was obtained by an illegal search).

gardens, barns, and buildings of an address. Vehicles parked in the driveway or elsewhere on the premises are within the curtilage."[2]

2. The indictment charged Smith with four counts of recidivism, two of which were for convictions allegedly entered on March 23, 1979, and November 30, 1987. Smith contends that the indictment was defective because these two dates were incorrect. This argument is without merit, however, as the State corrected the dates the day before trial began in a notice of intent to seek sentencing under the recidivist statute. This was sufficient to give Smith notice that the State would seek to use those prior convictions in aggravation of punishment.[3]

3. Smith argues that he was not allowed to thoroughly cross-examine an officer about hearsay information that formed the basis of the search warrant. The court, however, "resolved the question of the warrant's validity as a matter of law and [Smith's] inquiry before the jury was irrelevant."[4] Moreover "[t]he right to a thorough and sifting cross-examination is not abridged where the excluded testimony would be based upon speculation or hearsay."[5]

4. Smith contends that a list of drug dealers found during the search was hearsay and that testimony of an officer who located the list should not have been admitted. As Smith concedes, however, this enumeration is waived because trial counsel failed to object to this testimony at trial.[6] Smith's argument appears to focus on trial counsel's failure to object to this testimony or to request a curative instruction.[7] We will not consider this argument as Smith has not enumerated as error that he received ineffective assistance of counsel.[8]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 1, 2001 — 

*Phyllis V. Harris, Albert C. Palmour, Jr.,* for appellant.
Manuel S. Smith, *pro se.*

---

[2] (Citations and punctuation omitted.) *Brooks v. State*, 237 Ga. App. 546, 548 (2) (515 SE2d 851) (1999); *Owens v. State*, 202 Ga. App. 785, 786 (1) (415 SE2d 704) (1992).
[3] See *Wainwright v. State*, 208 Ga. App. 777, 778 (2) (a) (432 SE2d 555) (1993).
[4] (Citations omitted.) *White v. State*, 225 Ga. App. 74, 77 (8) (483 SE2d 329) (1997).
[5] (Citation omitted.) *Nelson v. State*, 188 Ga. App. 244 (372 SE2d 829) (1988).
[6] *McClain v. State*, 226 Ga. App. 714, 718 (3) (487 SE2d 471) (1997); see *Tuten v. State*, 242 Ga. App. 223, 224 (2) (529 SE2d 221) (2000).
[7] The trial court ruled that the list itself was inadmissible.
[8] See *Willingham v. State*, 235 Ga. App. 475, 476 (1) (509 SE2d 744) (1998) (an enumeration of error cannot be enlarged to give appellate viability to an issue not contained in the original enumeration).

*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.